LITTLEJOHN *v.* DRENNON *et al.*

The action being based upon alleged fraud and deceit on the part of the joint defendants, and the allegations of the declaration not showing any liability at all on the part of one of them, or any lia-

bility arising *ex delicto* on the part of the other, the demurrer was
properly sustained.

April 8, 1895. By two Justices. Brought forward from the last term.

Action for damages.    Before Judge TURNBULL.    City
court of Floyd county.    March term, 1894.

GEORGE & WALTER HARRIS, for plaintiff.

HALSTEAD SMITH & SON, for defendants..

LUMPKIN, Justice.

Mrs. Littlejohn brought an action against W. T. Dren-
non and John D. Moore, as joint defendants, to recover
damages alleged to have been sustained by her upon
substantially the following state of facts:

She purchased from Drennon two houses and lots in
the city of Rome, giving her promissory notes for the
purchase money, and taking from him a bond for titles.
Moore was present when the purchase was consummated,.
and prepared the papers.   At that time he was the sec-
retary of a building and loan association which had a
mortgage upon the property, and he did not disclose its.
existence to plaintiff, though it was in his possession,
but on the contrary, by his conduct, led her to believe
that the title to the property was good.   She afterwards.
made a considerable payment upon the purchase of the
property.   After so doing, she learned of the mortgage
being upon the property, and thereupon made inquiry
of Moore, who was still secretary as above stated, and
he then informed her of the existence of the mortgage.
She asked him to whom she must make other payments
upon the purchase, and he, in addition to his "wrongful
silence" in the first instance, told her it would be all right
to pay Drennon, and she, having full faith and confi-
dence in Moore, obeyed his directions and made other
large payments to Drennon.   At the time the arrange-
ment was made by her with Moore to continue pay-
ments to Drennon, the latter then intended to defraud
her, and, by the aid of Moore, was enabled to cheat,.

wrong and defraud her out of the entire sums paid to Drennon. It was Moore's duty, under the circumstances, to inform her of the existence of the mortgage, and his conduct in advising her to continue payments to Drennon was fraudulent, and she was misled and deceived thereby. After her payments to Drennon, the mortgage was foreclosed, and one of the houses and lots was sold under the execution issued upon the judgment of foreclosure, and by reason of these facts, she sustained loss in an amount stated. Her prayer for recovery was based upon the alleged fraud and deceit practiced upon her by both the defendants. On demurrer, her declaration was dismissed, and she excepted.

We think the court was right in sustaining the demurrer. In our opinion, the declaration states no cause of action whatever against the defendant Moore. No facts are set forth showing the existence of any confidential relations between him and the plaintiff, or any reason why she had a right to expect from him any disclosure as to the existence of the mortgage. At the time of the purchase, she made no inquiry of him, and he simply kept silent concerning a matter about which he was not asked to make any statement. It is true the declaration does say in loose terms that his conduct at that time led her to believe the title to the property was good, but it fails entirely to state in this connection of what this conduct consisted. Later on in the declaration it is characterized as his "wrongful silence," and this is about all it amounted to. It will be noted that there is in the declaration itself a significant "silence" as to whether or not the mortgage held by the building and loan association had been recorded at the time the plaintiff completed her contract of purchase with Drennon. If it was recorded, she was bound to take notice of its existence. If not, it was a very simple matter to inquire if the property was unincumbered. Had she

done this and received a false answer, the case would be entirely different. Again, it appears that when Mrs. Littlejohn did inquire of Moore as to the mortgage, he told her the exact truth about it; but she complains that he went further and advised her to continue making payments upon the purchase money to Drennon. Even if this advice was given with a fraudulent intent, it could hardly have been misleading. To follow it, and thus become subjected to loss, was the veriest folly, from the consequences of which the courts could not give protection.

What has been said above as to Moore is, for the most part, applicable to the plaintiff's case as against Drennon; and therefore we think no cause of action arising *ex delicto* is set forth against him. It is true he actually sold property subject to a mortgage without disclosing its existence. To do this, however, was not necessarily, and *per se*, fraudulent. But even if Drennon's silence amounted to a fraud, it was one which could have resulted in no injury to the plaintiff if she had exercised the slightest degree of diligence. In these days, it is not consistent with the least degree of prudence to buy real estate without asking the seller if it is unincumbered, or at least examining the records as to the condition of the title. It may be that Drennon is both morally and legally responsible to Mrs. Littlejohn for what she lost on account of being deprived of the property by reason of the sale under the mortgage execution; but there can be no recovery for the same in this action, which, as we have seen, was based alone upon the alleged fraud and deceit of both defendants. Upon this line, the facts alleged do not make a cause of action against either.

*Judgment affirmed.*