## 36356. SPECTOR *et al. v.* MODEL CONSTRUCTION COMPANY, INC. *et al.*

DECIDED JANUARY 11, 1957—REHEARING DENIED JANUARY 25, 1957.

*Claude E. Hambrick,* for plaintiffs in error.

*McFarland & Cooper, Samuel L. Eplan,* contra.

QUILLIAN, J. 1. The plaintiffs insist that the judge's order ruling that the auditor erred in not granting a nonsuit was error because he had never vacated his previous order sustaining the auditor's report. The record discloses that the auditor did not pass upon the question of whether a nonsuit should be granted, but expressly refrained from making any ruling upon the question. His finding in this regard reads: "Although a motion for nonsuit was made by counsel for defendant, Fine, your auditor shows that he should not rule on the same because he has no power to do so. However, if the court holds that your auditor is so empowered, then he overrules the motion for nonsuit by defendant, Fine." An auditor is empowered to grant a nonsuit. *Avera Loan &c. Co.* v. *National Surety Co.,* 32 *Ga. App.* 319 (123 S. E. 45). And it has been held that: " 'It is not improper for an auditor to file an alternative report, in which, after setting forth his own conclusions of law and fact, he further reports that if it should be adjudicated that he erred in certain specified particulars, such and such results would follow.' " *Griffith* v. *Moore,* 185 *Ga.* 120 (2) (194 S. E. 551). The finding in this case was that the denial of the motion for nonsuit was conditioned upon the trial court determining that the auditor was authorized to rule on the motion. While the court never decided that question, but simply approved the findings of the auditor as made, the question as to whether a nonsuit should be granted was never adjudicated until the trial judge granted the nonsuit. However, if the auditor actually denied the motion for nonsuit, this court could not consider the question as to whether the ruling

became the law of the case because the only exception taken by the plaintiffs in the direct bill of exceptions was: "the plaintiffs therein then and there excepted and now and here except and assign the same as error and being contrary to law, harmful and prejudicial to them." Under the holding in *Adams* v. *Bishop*, 42 *Ga. App.* 811 (6) (157 S. E. 523), this exception presents for determination only the question whether there was any evidence to sustain the case as laid in the petition.

Where materials for improvement of real estate are furnished the owner, the materialman may foreclose his lien by alleging and proving that the materials were supplied by the owner for that purpose. But where the materialman undertakes to foreclose his lien for material furnished to a contractor or some person other than the owner for the improvement of the owner's real property, it is necessary for the materialman to obtain a money verdict against the contractor or person to whom the materials are supplied in order to enforce his lien against the property improved. Code § 67-2001. In this case the plaintiff materialman alleged in his petition that the materials were furnished to Model Construction Company, against whom a general judgment was prayed. Thus it is established by the plaintiffs' own proof that they were not entitled to recover, and the trial judge did not err in granting a nonsuit. The result, of course, would have been different if the petition had alleged that the materials were furnished the owner, Fine.

2. During the hearing before the auditor, Julian Spector, one of the plaintiffs, testified: "The account was in the name of Model Construction Company but in actuality the materials were sold to B. D. Fine, because before the job began Mr. Fine had spoken to us and said that—as a matter of fact they asked us and told us at that time that Model Construction Company or Melvin Warshaw was going to build their house and that they would charge it to him as he already had an account there, so they would get full advantage of any price savings he would get, being a contractor, but that they would be responsible and they would be paying out the money and just not to worry. . . We were advised in the beginning that Mr. Warshaw of Model Construction Company was to receive a fee for the job, but that the

Fines were going to pay all bills for material and labor. . . I consider that we were selling the material to B. D. Fine and that he actually was the debtor." The record further discloses the following testimony while this witness was under examination: "The materials were charged to Model Construction Company for the Fine job. I consider them as being morally responsible for the bill but I don't say I charged it to Mr. Fine and to Model Construction at the same time. My records don't indicate that. Q. You testified before that you considered Mr. Fine, or either Mr. Fine or Mr. and Mrs. Fine, as your creditor [debtor] with your bills because they . . . A. I consider they are morally responsible because they said not to worry, they would take care of the bills, but the stuff was charged to Model Construction Company for that job. Q. Are you now changing your testimony which you previously gave to the effect you considered the Fines as your debtors? You testified previous to that. Are you changing your testimony on that? A. I will make this statement, the material was charged to Model Construction Company. The Fines told me they were paying the bills. The payments that we received on this job were from Model Construction Company."

This was a solemn admission in judicio by the witness that he considered the defendant Fine rather than the contractor Model Construction Company as the purchaser for whom the materials to improve the real estate were furnished. Having made this solemn admission, he will be estopped to deny this unless he withdrew those statements on further examination. Code § 38-114; *Grice* v. *Grice,* 197 *Ga.* 686, 698 (7) (30 S. E. 2d 183). After a careful study of the evidence, we find that he neither explained nor withdrew this admission.

While there are authorities which hold that in some instances where a plaintiff's testimony is contradictory and equivocal it will not be construed most strongly against him (*Davis* v. *Akridge,* 199 *Ga.* 867, 36 S. E. 2d 102), in considering whether or not to grant a nonsuit such authorities are not applicable to the present case because the plaintiff's testimony was not equivocal but clearly showed that Fine, not the contractor, was the actual debtor, and it was subject to no other construction. The rule is that where the plaintiff admits the absence of an essential ele-

18

ment of the case laid in the petition a nonsuit should be granted. *McKnight* v. *Anderson*, 76 *Ga. App.* 81 (44 S. E. 2d 814).

The trial judge did not err in granting a nonsuit because there was no evidence to prove the petition as laid against the Model Construction Company, and without a general judgment against it there could be no special lien against the defendant Fine.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*