38500.   SUTHERLAND v. WOODRING, by Next Friend.

DECIDED MARCH 2, 1961.

208

*Wm. A. Ingram,* for plaintiff in error.

*R. F. Chance,* contra.

FELTON, Chief Judge. ■ (a) The evidence did not demand a finding that Sutherland was not guilty of gross negligence. This kind of question is usually one for the jury and we do not think this case comes within the narrow class of cases where the court can decide the question as a matter of law. This is the day of motor transportation, wrecks, collisions, traffic deaths, traffic injuries and heartbreaks. What was ordinary care in the horse and buggy days is no longer the measure of such care. What used to be considered ordinary negligence now can be classed as gross because of new conditions, new responsibilities, new duties, and new hazards. Without going into the evidence which we have set forth, suffice it to say that the finding was authorized that Sutherland (and we are only dealing with his negligence in this appeal) was guilty of gross negligence in taking a chance of meeting and passing another automobile on a fa-

miliar, narrow, country dirt road when there was barely room to pass, when about three feet of his side of the road was obstructed by limbs of trees, and in turning briefly to his left to avoid the obstructions with only a guess as to whether he had time to get back on his side, and especially so since he knew that another automobile was approaching. There is no merit in the general grounds. (b) As to ground 7 of the amended motion, the jury was authorized to disregard the young plaintiff's opinion which she expressed about the care which Sutherland was exercising. She was young, inexperienced and frightened. Even if the jury was not so authorized, the rule invoked by the plaintiff in error is not applicable when the plaintiff's testimony is not the sole testimony and evidence authorizes a finding in the plaintiff's favor.

■ Ground 4 of the amended motion for a new trial complains of the following charge to the jury: "I charge you that if you find one defendant guilty of ordinary negligence and one defendant guilty of gross negligence in this case, and if their joint and concurrent acts were the proximate cause of the injury, if you find there was injury, then both would be liable." There is no merit in this ground. The excerpt complained of in this ground was given in connection with a charge on concurring negligence and was not an attempt to instruct the jury as to how much negligence was required to find against the respective defendants. Immediately following the excerpt complained of the court specifically charged the jury that before the defendant Sutherland could be liable the jury must find him guilty of gross negligence.

■ There is no merit in grounds 5 and 6 of the amended motion. The jury was qualified as to one insurance company. The reference by the plaintiff to an insurance adjuster cannot be said to have led the jury to believe that Sutherland was the only defendant who had insurance. The reference to an insurance adjuster could have just as easily led to the conclusion that both defendants had insurance with the same company, that Dilbeck was the defendant who had insurance, or that the insurance adjuster represented the insurance company which had insured the plaintiff.

■ Ground 8 of the amended motion for a new trial complains that the court erred in not granting the defendant the right to open and conclude the arguments to the jury under the circumstances of this case. This court certified to the Supreme Court the following question which states the circumstances under which the court refused to grant the defendant the right to open and conclude: "Is the defendant in a civil case entitled to the opening and concluding arguments where the plaintiff's counsel calls him to the stand for the purpose of cross-examination, and where the defendant's counsel examines the defendant while on the stand in such circumstances on material issues in the case, after the completion of the cross-examination of the defendant by plaintiff's counsel, nothing further in the way of evidence of any other kind having been introduced by the defendant?" The Supreme Court in *Sutherland v. Woodring,* 216 Ga. 621 (118 S. E. 2d 482) answered the above certified question in the affirmative. It therefore follows that the court erred in not granting the defendant the right to open and conclude the argument.

The court did not err in overruling the motion for a new trial on the general grounds or any of the other special grounds of the amended motion with the exception that the court erred in overruling the motion for a new trial because of the error complained of in Ground 8 of the amended motion.

*Judgment reversed. Nichols and Bell, JJ., concur.*