57432. CHEW CONSTRUCTION COMPANY, INC. v. OCONEE REST HOME, INC.

DEEN, Chief Judge.

Chew Construction Co. (Chew) brought suit against defendant alleging that it had not been paid for improvements it made to defendant's nursing home under a cost plus contract. Defendant denied this allegation contending that defendant was paid $168,116 as the contract price plus extras. This appeal is brought by Chew from a jury verdict in favor of Oconee Rest Home.

1. Appellant first contends that the trial court erred in denying its motions for a directed verdict, a judgment notwithstanding the verdict, and for a new trial. At trial, Enos Chew, appellant's president and chief witness, admitted that he accepted and signed a fixed sum contract after allegedly entering into a cost plus contract. A copy of the cost plus contract was not admitted into evidence. As there was a jury question as to which contract was in force when the work was done, it was not error for the trial court to deny appellant's motion for a directed verdict. Both the trial court and the appellate courts must construe the evidence most strongly against the movant. *Isom v. Schettino,* 129 Ga. App. 73 (199 SE2d 89) (1973). As the verdict was authorized by the evidence and this court

must construe that evidence to support the verdict, we find that the trial court did not err in denying the motions for a judgment notwithstanding the verdict and for a new trial. *Womack v. St. Joseph's Hospital,* 131 Ga. App. 63 (205 SE2d 72) (1974).

2. Appellant next contends that the trial court erred in charging the jury that the defendant had no obligation to put up witnesses and that the burden of proof lay with the plaintiff. Appellee proved his case on cross examination when he introduced the fixed sum agreement, checks showing payment of the sum plus $8,116 in extras, and defendant's president admitted that he accepted the loan authorization from the Small Business Administration which called for a fixed sum. "Having made this solemn admission, [in judicio] he will be estopped to deny this unless he withdrew those statements on further examination." *Spector v. Model Const. Co.,* 95 Ga. App. 14, 17 (96 SE2d 900) (1957). An examination of the record shows that he did not withdraw this admission. Admissions in judicio are taken as true without further proof. *Harris v. State,* 133 Ga. App. 310 (211 SE2d 144) (1974).

3. As appellant's remaining enumeration of error is not supported by either citation to authority or argument, it is deemed to be abandoned. Court of Appeals Rule 18 (c) (2).

Accordingly, this judgment must be affirmed.

*Judgment affirmed. McMurray, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 7, 1979 — DECIDED APRIL 19, 1979.

*Eva L. Sloan,* for appellant.
*Thomas A. Hutcheson,* for appellee.