## 65828. LLOYD v. STONE MOUNTAIN MEMORIAL ASSOCIATION.

DEEN, Presiding Judge.

Constance Lloyd brought an action against appellee after she suffered a knee injury while roller skating at the "Trail Skate" operated by the association. She alleged several counts of negligence, including design and maintenance of the facility, failure to warn of its dangerous nature, and furnishing unsuitable roller skates. The negligent design issue was voluntarily withdrawn just before the court charged the jury. A jury verdict was returned in favor of the association.

1. The trial court did not err in admitting three of the defendant's exhibits, which consisted of pictures of a sign and a ticket to the "Trail Skate." All show warnings such as "experienced skaters only" and "skate at your own risk." These exhibits were tendered in response to Lloyd's claim of negligent design and failure to warn of the danger. The association's defense was that appellant's own negligence caused her fall. We find that these exhibits were relevant to the issues being tried, and that the negligent design issue was not withdrawn from the case until after the close of the evidence. Where

there is a question as to the relevancy of evidence, the court must decide if it is indeed relevant before submitting the evidence to the jury. *Jones v. Smith,* 160 Ga. App. 147 (286 SE2d 478) (1981). If there is a doubt as to relevancy, it should be resolved in favor of admission and against exclusion as sufficiency is not a condition of admissibility. *Pressley v. State,* 162 Ga. App. 457 (291 SE2d 754) (1982); *Bearden v. State,* 159 Ga. App. 892 (285 SE2d 606) (1981). We find no error as the exhibits were relevant to the issues of negligent design and failure to warn of the danger associated with use of the skating facility.

2. There was sufficient evidence to authorize the court to charge the jury as to liability when injury is caused by the plaintiff's own negligence. The court has a duty to charge on the law applicable to the issues in the pleadings and the evidence. *Rutland v. Jordan,* 111 Ga. App. 106 (140 SE2d 498) (1965). Slight evidence is sufficient to authorize a jury instruction. *Gay v. City of Rome,* 157 Ga. App. 368 (277 SE2d 741) (1981); *Bone Const. Co. v. Lewis,* 148 Ga. App. 61 (250 SE2d 851) (1978). From the evidence presented a jury could find that appellant did not trip on a piece of padding which she claims was left on the trail by maintenance workers. She testified that she did not know if she tripped or not before she fell, as she could only state that she noticed some padding nearby after she fell. The evidence further showed that she was inexperienced in this type of skating and it had been 18 years since she had skated outdoors or on hills. A jury could find that she failed to keep her balance and stop at the top of an incline and that she did not stop or even attempt to slow down once she began going down hill, with the resultant loss of balance and fall. A friend who accompanied her to the skating facility testified that nothing was caught in her skate when she fell, and that she did not mention tripping on padding to anyone at the park. A park employee testified that he was putting padding on the top rail on the day of the accident and denied that any padding had been left on the trail from the previous day's work. He further claimed that only one piece at a time was taken out of the box while it was being put on the rail and that no padding had been cut that day. He saw none around appellant after she fell. It was therefore a jury question as to whether the injury was proximately caused by the negligence of appellant or appellee. *Zayre of Georgia v. Haynes,* 134 Ga. App. 15 (213 SE2d 163) (1975); *Burger Barn v. Young,* 131 Ga. App. 828 (207 SE2d 234) (1974).

3. As appellant did not raise an objection to the charge on avoidance in the court below prior to the return of the verdict, it cannot be raised for the first time on appeal. *Brooks v. Ralston Purina Co.,* 155 Ga. App. 164 (270 SE2d 347) (1980). OCGA § 5-5-24 (a) (Code Ann. § 70-207).

4. The evidence was sufficient to support a jury charge on accident. If a jury finds that neither party is negligent it can find the injury was the result of an accident. *Garrison v. Rich's,* 154 Ga. App. 663 (269 SE2d 513) (1980); *Delk v. Sellers,* 149 Ga. App. 439 (254 SE2d 446) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 8, 1983 —

*Robert H. McDonnell,* for appellant.

*Michael J. Bowers, Attorney General, J. Robert Coleman, Senior Assistant Attorney General, Royce F. Morris, Assistant Attorney General,* for appellee.