### 70539. HAMRICK et al. v. WOOD et al.
(332 SE2d 367)

BANKE, Chief Judge.

The plaintiffs appeal the denial of their motion for new trial following the return of a verdict for the defendants in a personal injury action arising from a motor vehicle collision. Their sole enumeration of error is directed to the trial court's failure to charge on the doctrine of last clear chance. The plaintiffs requested such a charge, and

the trial judge indicated that he would give one, though not in the language requested; however, the charge given by the court does not in fact contain any reference to the doctrine of last clear chance as such. When invited by the court to present objections to the charge, plaintiffs' counsel responded as follows: "Your honor, we would only make the general objection as may pertain to the charges we've requested inasmuch as some of those charges were not given. That would be our only objection." *Held*:

1. The plaintiffs' objection was not sufficiently specific to meet the requirements of OCGA § 5-5-24 (a), in that it did not direct the court's attention to the particular request to charge at issue, nor did it otherwise direct the court's attention to the failure to instruct on the doctrine of last clear chance, so as to enable the court to rule intelligently on that specific point. See generally *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472) (1976).

2. The failure to give a specific instruction on the doctrine of last clear chance did not, under the circumstances of this case, constitute "a substantial error in the charge which was harmful as a matter of law . . ." so as to require reversal pursuant to OCGA § 5-5-24 (c), notwithstanding the lack of a proper objection. To constitute harmful error within the meaning of this subsection, an erroneous charge or failure to charge must result in a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial. See *Nelson v. Miller*, 169 Ga. App. 403, 405 (312 SE2d 867) (1984). The jury in this case was thoroughly and properly charged on the general principles of negligence, contributory negligence, and proximate cause and was also charged as follows: "It is the duty of the operator of a motor vehicle to exercise ordinary care in the control of the speed and movement of the vehicle so as to avóid a collision with other vehicles after he sees or by ordinary diligence could have seen that one may be threatened." Thus, the charge did in fact cover the principle of law at issue.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 6, 1985.

*Roger L. Curry*, for appellants.
*Lynn A. Downey, Joseph C. Parker*, for appellees.