75636. DENNY v. D. J. D., INC.
(368 SE2d 329)

CARLEY, Judge.

Appellee-plaintiff entered into a written contract, wherein it agreed to conduct a twelve-week "cash raising and/or going out of business sale" at appellant-defendant's furniture store. Because of the small amount of inventory in appellant's store, appellee further agreed that it would purchase additional items for the sale. After approximately six weeks, appellee terminated the sale because of poor customer response. Upon learning of appellee's intention to terminate the sale, appellant locked the doors of his store and refused to allow appellee to remove its furniture.

Appellee then filed this suit. Insofar as it is relevant to this appeal, appellee's complaint sought a recovery based upon appellant's alleged conversion of its furniture and for appellant's alleged fraudulent inducement of it to enter the contract. Appellant answered, de-

nying the material allegations of the complaint. The case came on for a jury trial. The trial court submitted the case to the jury under both the conversion and the fraud theories. A general verdict in favor of appellee was returned. Appellant appeals from the trial court's order denying his motion for a new trial.

1. With regard to appellee's recovery under a fraud theory, appellant enumerates as error the trial court's denial of his motion for new trial on the general grounds.

"It is only where there is not sufficient evidence to support the verdict rendered that the appellate courts will interfere therewith. . . . [Cits.]" *Bill Jones Motors v. Mitchell*, 100 Ga. App. 185, 189 (110 SE2d 555) (1959). See also *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 158 (1c) (256 SE2d 916) (1979). Appellee contends that its recovery under the fraud theory is sufficiently supported by evidence that appellant had intentionally concealed the fact that he had conducted previous "distress" sales in the course of his business. Appellee contends that, had this material fact not been concealed from it, it would not have contracted with appellant to conduct this distress sale.

" 'Concealment of material facts may amount to fraud when *direct inquiry* is made, and the truth evaded. . . .' [Cit.]" (Emphasis supplied.) *Georgia-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747, 755 (266 SE2d 531) (1980). See also *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855, 861 (5) (294 SE2d 533) (1982). However, the record here is devoid of any evidence that appellee ever made a direct inquiry of appellant concerning any past "distress" sales which he had previously conducted. There is evidence that appellant had only mentioned to appellee his having conducted a single "promotional type" sale in the past. However, it would appear that this information concerning appellant's prior "promotional type" sale had been merely a voluntary passing reference, made by appellant, without any intention that it be considered by appellee as a representation concerning the *only* sale which he had ever conducted in the past. Accordingly, the evidence would not authorize a finding that appellant had fraudulently concealed his conduction of prior "distress" sales by evading the truth in response to a direct inquiry made by appellee. Thus, the issue to be decided is whether the evidence would authorize the jury to find that a fraud had been committed when appellant failed, voluntarily and without any inquiry having been made, to inform appellee of the previous "distress" sales he had conducted in the course of his business.

"Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the *confidential relations* of the parties, or from the *particular circumstances* of the case. [Cit.]" (Em-

phasis supplied.) *Capital Bank of Macon v. Rutherford*, 70 Ga. 57, 62-63 (2) (1883). There was no confidential relationship between the parties, who were engaging in an arms-length business transaction. Appellee presumably possessed the business acumen necessary to negotiate a contract on its own behalf and it had no right to rely upon appellant voluntarily to divulge every aspect of his prior business history. Appellee and appellant were "dealing at arms length and they were . . . chargeable with knowledge of the law relating to the legal requirements of the transaction which they entered into. [Cit.] Therefore, [appellee's] failure to seek a means to protect [itself] . . . is not chargeable to [appellant]." *Royal v. Bland Properties*, 175 Ga. App. 250, 252 (3) (333 SE2d 145) (1985). Likewise, appellee suggests no evidence of any "particular circumstances" which would render appellant's silence as to his prior "distress" sales an act of fraud. Appellee urges only that appellant's prior "distress" sales were material *to it*. No reason is suggested as to why *appellant* should have known, without inquiry, that appellee considered the existence of prior "distress" sales material to its entry into this contract. Likewise, no reason is suggested as to why, if the conduction of prior "distress" sales was material to appellee, it never raised that issue with appellant. "At the time of the [contract], [appellee] made no inquiry of [appellant], and [appellant] simply kept silent concerning a matter about which he was not asked to make any statement. . . . [I]t was a very simple matter to inquire if [appellant had conducted any prior 'distress' sales]. Had [appellee] done this and received a false answer, the case would be entirely different." *Littlejohn v. Drennon*, 95 Ga. 743, 745-746 (22 SE 657) (1895).

Thus, the evidence shows only that the parties entered into a contract after arms-length negotiations. Thereafter, the contract did not produce the results which had been anticipated by appellee and the business relation ended acrimoniously, with appellant possibly converting the furniture belonging to appellee. However, an acrimonious and possibly tortious end to a contractual relationship does not show that appellee had been fraudulently induced into that relationship from the outset. As to the fraud theory, the general grounds of appellant's motion for new trial had merit. The trial court, therefore, erred in failing to grant a new trial as to the fraud count.

2. Appellant's enumerations of error which address the trial court's charge were not preserved for appellate review. See generally *John L. Hutcheson Mem. &c. Hosp. v. Oliver*, 120 Ga. App. 547, 548 (3) (171 SE2d 649) (1969).

3. Remaining enumerations of error address the general grounds as to appellee's recovery under the conversion theory. However, those enumerations cannot affect the ultimate disposition of this case. If the evidence would *not* support a verdict for appellee under this the-

ory, we have already held that appellant is entitled to a new trial for the reasons discussed in Division 1. If, on the other hand, the evidence *would* support a verdict for appellee under the conversion theory, the judgment in its favor must nevertheless be reversed and a new trial conducted. "Where 'the evidence shows that the plaintiff is entitled to have a recovery for one of the tortious acts alleged to have been committed, and is not entitled to recover for the other of such alleged acts, and under the charge of the court the jury could have properly based their verdict on either one or both, and a verdict finding a gross sum for the plaintiff was returned, it can not legally stand, because of the uncertainty as to whether it was rendered in satisfaction of the tortious act proved or that submitted which was not proved.' [Cits.]" *Flint Explosive Co. v. Edwards*, 86 Ga. App. 404, 412 (6) (71 SE2d 747) (1952). See also *Ga. Power Co. v. Busbin*, 242 Ga. 612, 616 (8) (250 SE2d 442) (1978). Thus, resolution of the remaining enumerations of error is not necessary either to the determination of appellant's right to a new trial or to the determination of appellee's entitlement to enforce the existing judgment.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 7, 1988 —
REHEARING DENIED APRIL 1, 1988 —

*Christopher G. Nicholson*, for appellant.
*Stephen E. Curry*, for appellee.