## 75636. DENNY v. D. J. D., INC.
(373 SE2d 383)

CARLEY, Judge.

Appellee-plaintiff filed this suit, alleging two theories of recovery against appellant-defendant. One count of appellee's complaint alleged that it had been fraudulently induced into entering a written contract to conduct a twelve-week "cost raising and/or going out of business sale" at appellant's furniture store. The other count of appellee's complaint alleged that its own furniture had been converted by appellant. The case was submitted to a jury under both the fraud and conversion theories. A general verdict in favor of appellee was returned and appellant appealed to this court. In *Denny v. D. J. D., Inc.*, 186 Ga. App. 727, 729 (1) (368 SE2d 329) (1988), we held: "As to the fraud theory, the general grounds of appellant's motion for new trial had merit. The trial court, therefore, erred in failing to grant a new trial as to the fraud count." This holding resulted in a reversal of the judgment which had been entered on the general verdict returned for appellee. See *Denny v. D. J. D., Inc.*, supra at 729 (3). Appellee's petition to the Supreme Court for a writ of certiorari was granted. The Supreme Court neither affirmed nor reversed our judgment but merely remanded the case to us "for reconsideration in light of *Peacock v. Forrest*, [258 Ga. 158 (368 SE2d 519) (1988)]." In accordance with the Supreme Court's mandate, we now undertake the reconsideration of this case.

1. In *Forrest v. Peacock*, 185 Ga. App. 189 (363 SE2d 581) (1987), a tenant, alleging her unlawful eviction, sought to recover

against the landlord. The jury returned a verdict in favor of the landlord and the tenant appealed. This court reversed the trial court's denial of the tenant's motion for new trial on the general grounds. On certiorari, the Supreme Court reversed this court, holding: "The denial of the motion for new trial based on the general grounds was not error, as the evidence did not demand a verdict awarding money damages to the [tenant]." *Peacock v. Forrest*, 258 Ga., supra at 158.

*Peacock v. Forrest*, supra, is procedurally distinguishable from the case at bar. That tort case involved an appeal by the plaintiff from a judgment which had been entered on a jury verdict for the defendant. This tort case involves an appeal by the defendant from a judgment which has been entered on a jury verdict for the plaintiff. This procedural difference has appellate consequences. The appellate determination of whether the evidence in any given tort case demanded a verdict contrary to that finding which is represented by the jury's verdict must necessarily differ depending upon whether the jury verdict under consideration was returned for the plaintiff or for the defendant. This difference in the appellate determination of an enumeration of the general grounds in a tort case stems from the fact that, in the trial of the case, it is the plaintiff who must bear the burden of proof as to the defendant's liability. "While under notice pleading one need allege no more than a claim to relief, once the trial begins, under the evidentiary process, the plaintiff must still establish the elements of the right to recover." *Shivers Chix v. Ga. Farm Bureau Ins. Co.*, 150 Ga. App. 453, 454 (258 SE2d 208) (1979). "The burden is upon the plaintiff to make out his case. It is not accomplished by failure of the defendant to disprove allegations of the petition. Until there is proof of the allegations by the plaintiff the defendant is under no duty to do anything." *Clark v. Atlanta Veterans Transp.*, 113 Ga. App. 531, 534 (1) (148 SE2d 921) (1966).

Accordingly, a jury verdict returned in favor of *the defendant* in a tort case, as in *Peacock v. Forrest*, supra, represents a finding by the jury that the plaintiff did *not* meet his burden of proof as to the defendant's liability for damages. As against this negative finding by the jury against the plaintiff, an appellate court would not be authorized to hold that a contrary positive verdict in favor of the plaintiff was demanded unless a review of the record demonstrated that, as a matter of law, the plaintiff had met his initial burden of proof as to the defendant's liability *and* that the defendant had then failed to produce any evidence as to his non-liability. See generally *Wardlaw v. Frederick*, 13 Ga. App. 594, 595 (5) (79 SE 523) (1913). Thus, an appellate court's reversal on the general grounds of a judgment which was entered on a jury verdict returned for the defendant in a tort case requires the *existence of undisputed evidence* of the defendant's liability for damages.

Accordingly, we can only construe the opinion in *Peacock v. Forrest*, 258 Ga. 158, supra, to be a holding which was based upon one of two possible constructions by the Supreme Court of the evidence of the record in that case: Either the record showed that the plaintiff-tenant had not met her initial burden of proof as to the defendant-landlord's liability for damages for unlawful eviction or, in the alternative, the record showed that the defendant-landlord had countered the plaintiff-tenant's showing with evidence sufficient to authorize the jury to make a contrary finding in his favor. In either event, the record in *Peacock v. Forrest*, supra, would not disclose the *existence of undisputed evidence* of the defendant-landlord's liability for wrongful eviction and, absent such undisputed evidence, a positive finding and consequent verdict for damages in favor of the plaintiff-tenant would not have been demanded. Instead, the jury's negative finding against the plaintiff-tenant as represented by its verdict returned for the defendant-landlord would be authorized and this court erred in reversing the trial court's denial of the plaintiff-tenant's motion for new trial on the general grounds.

A jury verdict in favor of *the plaintiff* in a tort case, as in the case at bar, represents a finding by the jury that the plaintiff *did* meet his burden of proof as to the defendant's liability for damages. As against this positive finding by the jury in favor of the plaintiff, an appellate court would be authorized to hold that a contrary negative verdict against the plaintiff and in favor of the defendant was demanded if, but only if, a review of the record demonstrated, as a matter of law, that the plaintiff had failed to meet his burden of proof as to the defendant's liability. See generally *Harrison v. Harrison*, 228 Ga. 126 (184 SE2d 147) (1971). Thus, an appellate court's reversal on the general grounds of a judgment entered on a jury verdict which was returned for the plaintiff in a tort case requires the *absence of any evidence* of the defendant's liability for damages. "The verdict of a jury which has the approval of the trial judge will not be set aside by this court if it is supported by *any* evidence. [Cits.] If there is *no* evidence to support a finding, a new trial must be granted. [Cit.] If there is doubt, the appellate court must decide in favor of verdicts. [Cit.]" (Emphasis in original.) *Branch v. Anderson*, 47 Ga. App. 858 (171 SE 771) (1933).

In our original opinion in this case, we reviewed the record and found that, notwithstanding the jury's verdict, there was *no* evidence which would authorize a finding of appellant's liability for damages for fraud: "[T]he evidence shows only that the parties entered into a contract after arms-length negotiations. Thereafter, the contract did not produce the results which had been anticipated by appellee and the business relation ended acrimoniously, with appellant possibly converting the furniture belonging to appellee. However, an acrimoni-

ous and possibly tortious end to a contractual relationship does not show that appellee had been fraudulently induced into that relationship from the outset. As to the fraud theory, the general grounds of appellant's motion for new trial had merit." *Denny v. D. J. D., Inc.,* supra at 729 (1). Unless our original construction of the evidence of the record in this case was erroneous, our original holding was correct, for the record would disclose the *absence of any evidence* to authorize the positive finding and consequent verdict for appellee as to appellant's liability for fraud. We have again reviewed the record in this case and we adhere to our original assessment that there is no evidence which would authorize the jury to return a verdict in favor of appellee as to the issue of appellant's liability for fraud. "The trial court, therefore, erred in failing to grant a new trial as to the fraud count." *Denny v. D. J. D., Inc.,* supra at 729 (1).

Had the jury in this case returned a negative verdict against the plaintiff and in favor of the defendant as to the fraud count and had the plaintiff appealed and enumerated the general grounds, we would *then* have reviewed the record to determine whether there existed *undisputed* evidence of the defendant's liability for damages that a contrary positive verdict in favor of the plaintiff was demanded as a matter of law. *Peacock v. Forrest,* 258 Ga. 158, supra. The jury in this case, however, returned a verdict in favor of the plaintiff, not the defendant. Accordingly, the only issue which was raised was whether appellee, as plaintiff, had met its burden of proof by adducing any evidence to authorize that positive verdict in its favor as to the liability of appellant, as defendant, for fraud. Appellee did not do so, and, under applicable principles of law, a negative verdict was demanded against appellee and in favor of appellant based upon the former's failure to carry its burden of proof as to this issue. The decision in *Peacock v. Forrest,* 258 Ga. 158, supra, is inapplicable and does not authorize a holding which is contrary to that originally reached in this case.

2. Having adhered to our original holding that the evidence did not authorize a verdict on the fraud count in favor of appellee, as the plaintiff, against appellant, as the defendant, we likewise adhere to our original holding that the judgment entered on the general verdict in favor of appellee must be reversed. *Denny v. D. J. D.,* supra at 729 (3).

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 19, 1988

*Christopher G. Nicholson,* for appellant.

*Stephen E. Curry*, for appellee.