A89A1813. SOUTHERN STORE & RESTAURANT EQUIPMENT COMPANY et al. v. MADDOX.
(392 SE2d 268)

BIRDSONG, Judge.

Southern Store & Restaurant Equipment Company and Bobby Chesser appeal from a judgment against them, based on a jury verdict, in favor of Wylene Maddox on her fraud claim arising from the purchase of a restaurant. Appellants contend the trial court erred by denying their motions for a directed verdict at the close of Maddox's case and at the close of the evidence and by denying their motion for judgment n.o.v. or in the alternative for a new trial. They contend that Maddox did not prove actionable fraud.

At trial Maddox testified that in the course of buying the restaurant, representations were made to her by Chesser and his agents about income from the restaurant, about the condition of equipment in the restaurant, including the air conditioning, and about water which had collected in the kitchen. In general, Maddox testified they represented the equipment's condition was excellent because the owner of the restaurant owned a restaurant equipment store and kept everything in good working· order. They also said the restaurant took in around $500 a day. In particular, Maddox testified the seller's agent told her the restaurant was air conditioned, showed her the switch, and turned it on. Since it was a cool day, however, she could not tell how well it worked. She also testified she asked about water in the kitchen and was told that it came from a recent severe rain.

After Maddox purchased the restaurant, however, she found none of these things to be true. For example, when she turned on the air conditioning and it would not work, she found there was no compressor for it. Also, she later learned that the water in the kitchen came not from rain, but from water leaking from the freezer. Further, she testified generally that very little, if any, of the equipment worked properly, inter alia, the stove would not stay lighted, the sandwich table shocked anyone who touched it. Nevertheless, Maddox opened the restaurant and for the first few days made a reasonable income, but when the customers wanted air conditioning she could not supply,

they stayed away. Consequently, Maddox, within approximately ten days of opening, sent Chesser a letter giving notice that she considered the contract broken.

Appellants contend that Maddox failed to prove actionable fraud because, even if her contentions about the equipment were true, Maddox could not rely blindly on their representations but must have used diligence to verify the status of the equipment, that any misrepresentations they might have made were mere "puffing," and finally, Maddox must have tendered the restaurant to them. *Held*:

1. In determining whether the trial court erred by denying appellants' motions for a directed verdict and motion for judgment n.o.v., this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict. *Union Camp Corp. v. Daley*, 188 Ga. App. 756 (1) (374 SE2d 329).

"A directed verdict (and judgment n.o.v.) is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, *demands* a certain verdict. OCGA § 9-11-50 (a) (b)." Id. Viewing the evidence in that fashion, we cannot conclude that it demanded a verdict for appellants.

The evidence shows the sellers made at least two significant misrepresentations, to wit, that the air conditioner worked and the water was from the rain. Further, the evidence also shows the lack of air conditioning was the primary reason for Maddox' closing. " ' "Questions of fraud, the truth and materiality of representations made by a (seller), and whether the (buyer) could have protected [her]self by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." ' [Cits.]" *del Mazo v. Sanchez*, 186 Ga. App. 120, 127-128 (366 SE2d 333). With this evidence it was a jury question whether additional diligence was necessary since we cannot conclude that the evidence is plain and indisputable that Maddox did not exercise proper diligence on at least these issues. Further, " ' "[c]oncealment of material facts may amount to fraud when *direct inquiry* is made, and the truth evaded. . . ." ' " *Denny v. D. J. D., Inc.*, 186 Ga. App. 727, 728 (368 SE2d 329). Moreover, considering the number of defects in the equipment Maddox testified about, a jury question would also be present on whether she was required to have each piece of equipment in the restaurant checked. "Whether the operative facts and circumstances establish actionable fraud 'is a matter peculiarly within the province of a jury to determine.' [Cits.]" *Marshall v. W. E. Marshall Co.*, 189 Ga. App. 510, 513 (376 SE2d 393).

Appellants' argument that any misrepresentations constituted mere "puffing" is not supported by the evidence. The transcript shows that even at trial their witnesses made no such contentions, and to the contrary, maintained that the equipment was in excellent

condition, was being used in other restaurants, and that no misrepresentations were made.

Additionally, although appellants' brief argues it was error to deny their motions because the evidence failed to show Maddox tendered the restaurant to appellants, review of the transcript and record shows that neither the motions for directed verdict, nor the motion for judgment n.o.v. or for new trial, included that contention as a basis for the motion. Accordingly, it could not have been error to deny the motions on that basis, and the issue cannot be raised for the first time on appeal. *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877).

2. Appellants also enumerate as error the denial of their motion for a new trial. A denial of a motion for a new trial on evidentiary grounds will be reversed only if there is no evidence to support the verdict. *Ricketson v. Fox*, 247 Ga. 162, 163 (1) (274 SE2d 556); *Mathis v. Dept. of Transp.*, 185 Ga. App. 658 (365 SE2d 504). Whether the verdict is contrary to the weight of the evidence or strongly against its weight is a question vested in the trial judge's discretion, and this court has no power to grant a new trial on those grounds. The only question for this court is whether there is any evidence sufficient to authorize the verdict. *Green v. Dillard*, 176 Ga. App. 574, 575 (337 SE2d 55), overruled on other grounds, *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 857 (360 SE2d 415). Since there is evidence authorizing the jury's verdict (*McNeil v. Cowart*, 186 Ga. App. 411, 412 (367 SE2d 291)), the trial court did not err by denying the motion.

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED MARCH 5, 1990 —
REHEARING DENIED MARCH 16, 1990 — ▮▮▮▮▮▮▮

*Elkins & Gemmette, James A. Elkins, Jr.,* for appellants.
*Charles C. Carter,* for appellee.

