## A91A0694. CAMERON v. MOORE.

(406 SE2d 133)

BEASLEY, Judge.

Plaintiff Cameron suffered personal injuries when the truck in which she was riding and which was being driven by defendant Moore collided with an automobile driven by defendant Freeman. Cameron alleged in her suit that both Moore and Freeman were negligent. After answers were filed and discovery accomplished, defendant Moore moved for summary judgment. His motion was granted by the trial court which ruled that Cameron made factual admissions in the record precluding her from recovering from Moore. The court relied on evidence that according to Cameron, Freeman ran into Moore's vehicle and "caused the accident"; that Cameron testified that Moore did not act or appear to have been drinking; that he was not driving fast, was not swerving and was not reckless. The court concluded, based upon Cameron's testimony that "Moore was not negligent," that no genuine issues of material fact existed.

Cameron contends that the statements she made on deposition

did not constitute solemn admissions in judicio which were binding upon her and that she alleged and proved that Moore was driving under the influence of alcohol so that the matter of his negligence was at issue and could not be determined summarily.

1. We first dispose of Moore's contention that because only punitive damages were sought as to him, the complaint was properly dismissed on summary judgment regardless of any other issue. It is true that an "award of punitive damages . . ., in the absence of any finding of actual damages, is improper as a matter of law." *Wade v. Culpepper*, 158 Ga. App. 303, 305 (279 SE2d 748) (1985). By amendment Cameron alleged that Moore's acts caused the collision and prayed for special damages against him. The complaint as amended sought more than punitive damages and the contention fails.

2. An essential element to warrant recovery for negligence is causation, that is, was there a legally attributable causal connection between the conduct and the resulting injury. *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982); *Anneewakee v. Hall*, 196 Ga. App. 365, 367 (1) (396 SE2d 9) (1990). "[W]here the trial court can accurately conclude upon plain, palpable and indisputable evidence that there was no negligence attributable to the defendant," summary judgment may be granted to defendant. *Woolbright v. Six Flags Over Ga.*, 172 Ga. App. 41 (1) (321 SE2d 787) (1984). Otherwise it is a jury question. *Atlanta Ob. & Gyn. v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16) (1990).

At issue is whether Cameron conclusively admitted by her deposition testimony that Moore did not cause the wreck. There was evidence that Moore had four beers before driving and that he subsequently was tested with an alcohol concentration of .11 grams. Cameron related that prior to the incident she did not know he had been drinking; that he was not driving too fast or in a reckless manner and was not swerving or manifesting that he had been drinking. She stated that she did not see the other vehicle until "it just dashed into us" and that just before impact Moore shouted that the driver of the other vehicle was getting on his side and said "you too old to be driving a car."

The spotlighted testimony was given in response to the question: "Do you think Mr. Moore's drinking caused the accident?" Cameron responded: "The lady caused it." Next followed: "Q. What do you think caused the accident? A. Well, when this lady run into us and hit us, that's what caused the accident. Q. And by this lady you mean Ms. Freeman? A. Yes. Ms. Freeman run into us and hit us. That's what caused the accident. . . . Q. I'm asking when you were sitting there driving down the road do you think Mr. Moore did anything that caused this accident? A. I do not."

Freeman testified on deposition that Moore's vehicle swerved

into her lane of travel and that she was unable to avoid it. Moore in his deposition stated that Freeman's car swerved into his lane. The legal question is, is there a factual matter for jury resolution?

"A solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion." *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 731 (353 SE2d 847) (1987). This court has found a party to be bound by his unwithdrawn testimonial admissions in *Spector v. Model Constr. Co.*, 95 Ga. App. 14, 17 (96 SE2d 900) (1957) (physical precedent), and *Chew Constr. Co. v. Oconee Rest Home*, 149 Ga. App. 677, 678 (2) (255 SE2d 133) (1979). There was no showing that there was conflicting evidence in those cases. In *Sutherland v. Woodring*, 103 Ga. App. 205, 214 (118 SE2d 846) (1961), the plaintiff was held not to be bound by testimonial admissions where her testimony was not the sole testimony and the evidence authorized a finding in her favor. It is thus problematic whether the plaintiff's deposition testimony constituted admissions in judicio.

What is decisive, however, is the character of her testimony. In order for a judicial admission to be binding it must be one of fact and not a conclusion of law or an expression of opinion. *Southern Business Machines v. Norwest Fin. Leasing*, 194 Ga. App. 253, 257 (2) (390 SE2d 402) (1990); *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 172 (390 SE2d 257) (1990); 31A CJS 765, Evidence § 299. See McCormick on Evidence (3d ed.), § 266, p. 785. " '[A]n admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact.' " *Howell Mill/Collier Assoc.*, supra at 172.

Cameron was giving her opinion as to the cause of the collision. Although Moore urges the trial court's view that Cameron was stating a fact, it was not fact but rather her opinion of who was responsible for the collision and her resultant injuries, based upon her perspective of the event.

Opinion evidence by a non-expert witness is admissible where testimony is given as to the facts upon which the opinion is based. *Galloway v. Banks County*, 139 Ga. App. 649, 651 (229 SE2d 127) (1976); *United Sec. Agency v. Sims*, 161 Ga. App. 167 (288 SE2d 117) (1982). Such opinion testimony does not establish any fact, as a matter of law, and a jury is not bound by it. *DOT v. Driggers*, 150 Ga. App. 270 (257 SE2d 294) (1979). Because a jury is not governed by opinion testimony, a summary judgment is not demanded by it. *Harrison v. Tuggle*, 225 Ga. 211, 213 (2) (167 SE2d 395) (1969); *Ginn v. Morgan*, 225 Ga. 192, 193 (167 SE2d 393) (1969).

Freeman testified that Moore swerved into her lane. This contra-

dicted the evidence that Freeman's actions were the cause. The proof offered on summary judgment did not establish that Moore should be exonerated as a matter of law. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986).

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991.

*Daniel S. Zevin, June P. Sellers*, for appellant.
*Decker & Hallman, Richard P. Decker, W. Winston Briggs*, for appellee.