A94A0802. WILSON et al. v. MUHANNA.
(445 SE2d 540)

BIRDSONG, Presiding Judge.

This is an appeal from a defense verdict in a medical malpractice case arising from brain surgery in which a cotton ball was left in the head of Matthew Wilson, a minor. Appellants contend the trial court erred by denying their motion for a directed verdict on the issue of negligence and also erred in the instructions given on the issue of the burden of proof in a medical malpractice case.

After Wilson was diagnosed with a brain tumor, Dr. Nabil Muhanna performed surgery to remove the tumor. During the surgery Dr. Muhanna used regular cotton balls to absorb blood and moisture, rather than cotton balls with strings or cotton balls with radiopaque markings that would show up on X-rays. During the surgery, a cotton ball could not be accounted for, and although a search was conducted for at least an hour, the cotton ball could not be found. Consequently, the surgery was completed with the cotton ball missing. It was not disputed that in operations of this nature a cotton ball could be concealed in the brain.

After the surgery, Dr. Muhanna told Wilson's mother that the operation was a success and that Wilson was cured. No mention was made of the missing cotton ball, however, and no further efforts were made to locate it by additional tests or an MRI. Further, the surgical notes on the operation did not mention the missing cotton ball or the search for it.

Subsequently, after suffering a seizure, Wilson was rushed to the hospital where a CT-scan revealed a mass in his brain. Because it was feared that Wilson had a residual brain tumor, further surgery was performed. During this surgery, the missing cotton ball, now infected and abscessed, was found. The surgeon who performed the second surgery told the family that there would have been no need for the second surgery if the cotton ball had not been left.

At trial, the plaintiff's expert testified that it was below the standard of care not to use cotton balls with strings or radiopaque markings. *Held*:

1. Appellants contend the trial court erred by denying their motion for a directed verdict on the issue of negligence. When determining whether the trial court erred by denying a motion for a directed verdict, this court must review and resolve the evidence and any doubt or ambiguity in favor of the verdict, and a directed verdict is not authorized unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom demands a certain verdict. OCGA § 9-11-50 (a); *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268).

Appellants argue that because plaintiffs' and defendant's experts testified that appellee violated the standard of care by not recording the missing cotton ball and the search for it in the surgical notes, the trial court should have directed a verdict on the issue of negligence. We do not agree.

In this state the grant of summary judgment to the plaintiff may not be based solely upon expert opinion testimony. *Howard v. Walker*, 242 Ga. 406, 408 (249 SE2d 45); *Ginn v. Morgan*, 225 Ga. 192, 193-194 (167 SE2d 393). Given the similarities between the law applicable to summary judgments and directed verdicts, the same is also true for grants of directed verdicts. *Hawkins v. Greenberg*, 159 Ga. App. 302, 306-307 (283 SE2d 301) (physical precedent). "[O]pinion evidence will never sustain the grant of a summary judgment, a directed verdict, or judgment notwithstanding the verdict. [Cits.]" *Ga. Power Co. v. Sinclair*, 122 Ga. App. 305, 308 (176 SE2d 639). The basis for this rule is that opinion testimony does establish facts and juries are not bound to accept expert opinion testimony. *Cameron v. Moore*, 199 Ga. App. 800, 802 (406 SE2d 133); *Dowis v. McCurdy*, 109 Ga. App. 488 (136 SE2d 389). Consequently, the jury in this case was authorized to reject the testimony of the experts who testified on behalf of either or both parties. Moreover, this rule also recognizes the relationship between the requirement for expert testimony in professional negligence cases (see *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 201-202 (345 SE2d 904); *Berman v. Rubin*, 138 Ga. App. 849, 853 (227 SE2d 802)), and the presumption that professionals perform their professional services in an ordi-

narily skillful manner. See *Mims v. Wardlaw*, 176 Ga. App. 891 (338 SE2d 866); *Kenney v. Piedmont Hosp.*, 136 Ga. App. 660, 664 (222 SE2d 162). It is only when a plaintiff presents expert testimony tending to rebut this presumption that a jury issue is created. *Howard v. Walker*, supra at 407; *Tumlin v. Daniels*, 166 Ga. App. 635, 637 (305 SE2d 145); *Hughes v. Malone*, 146 Ga. App. 341, 345-346 (247 SE2d 107). Thus, even though the experts testified that Dr. Muhanna deviated from the standard of care by not recording the information about the missing cotton ball in his notes, the presumption of professional performance did not vanish (*Miller v. Miller*, 258 Ga. 168, 170, n. 6 (366 SE2d 682)) and thus Dr. Muhanna was still entitled to rely upon it. *Overstreet v. Nickelsen*, 170 Ga. App. 539, 543-544 (317 SE2d 583). Therefore it cannot be said that the evidence demanded a verdict for appellants on this issue.

2. The second enumeration of error contends the trial court erred by instructing the jury that "it is presumed that the defendant performed in an orderly skilled manner, and the burden is on one receiving the services to show lack of care, skill, and negligence." Appellants contend that using "and" rather than "or" required the jury to find lack of care, skill, and negligence before it could award damages, and, of course, appellants were not required to prove the lack of negligence.

First, we note that, while appellants objected at trial to the use of "and" rather than "or," they did not object to the use of "negligence" rather than "diligence." Therefore, any error concerning the use of "negligence" in the charge was waived. OCGA § 5-5-24 (a); *Lloyd v. Stone Mtn. Mem. Assn.*, 165 Ga. App. 679, 680 (302 SE2d 602). Further, given the nature of the error here, we do not find that application of OCGA § 5-5-24 (c) is warranted. See *Hamrick v. Wood*, 175 Ga. App. 67, 68 (332 SE2d 367).

Secondly, considering the use of "and" rather than "or," we find no prejudicial error arising from the confusion of these words. Considering the charge in its entirety (*Pouncey v. Adams*, 206 Ga. App. 126, 128 (424 SE2d 376)), the jury was instructed fully and correctly on the legal principles applicable to a medical malpractice case, and in particular the plaintiffs' burden of proof. " 'If there were errors in the charge, they were mild. The [appellants] lost, not because of the charge, but because [they] failed to impress the jury with the justness of [their] cause.' " *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155 (342 SE2d 352).

*Judgment affirmed. Cooper and Blackburn, JJ., concur specially.*

BLACKBURN, Judge, concurring specially.

I recognize that Georgia law provides rebuttable presumptions

are only rebutted when a jury so finds, and I am constrained to follow this precedent. However, just as the court may decide proximate cause issues in clear and indisputable cases, the court should also be allowed to find that a presumption has been rebutted, and therefore, not present the presumption to the jury. This case presents such a clear and indisputable basis for the court to find that the presumption has been rebutted. Both the plaintiffs' and defendant's experts agreed that the defendant's conduct failed to meet the standard of care. In such a case, the presumption is undeniably rebutted.

I am authorized to state that Judge Cooper joins in this special concurrence.

DECIDED MAY 26, 1994 —
RECONSIDERATION DENIED JUNE 29, 1994.

*Bovis, Kyle & Burch, James E. Singer, Dana F. McBride,* for appellants.

*Forrester & Brim, Weymon H. Forrester, Richard C. Bellows,* for appellee.