32848. SIMMONS v. DAVIS et al.

UNDERCOFLER, Presiding Justice.

Saint Elmo Gay and his wife Vivian Frazier Gay executed a joint and mutual will in 1964. It provided that the survivor would receive all the property in fee simple, which would then be divided upon the death of the survivor between his sisters, Mary Jim Gay Simmons and Lillian Gay Hudson, and her sisters, Helen Davis and Emma Reed. The couple had no children and Vivian Frazier Gay had worked for approximately the entire 30

years of her married life. Vivian Gay died on November 3, 1976. Saint Elmo Gay executed a new will on November 8, 1976, leaving the entire estate to his family. He died on December 3, 1976. Helen Davis and Lura Reed, the daughter of Emma Reed, then brought this petition in equity against Mary Jim Gay Simmons seeking specific performance of the contract expressed in the joint will for division of the property. Mary Jim Gay Simmons is the executrix of Saint Elmo Gay's estate. She denied such a contract exists and contended the will was revocable. The trial court held that the joint will indicated a contract between the parties and decreed its specific performance. It held also that the 1976 will of Saint Elmo Gay was void. This appeal followed. We affirm.

1. The will in question here was both mutual and joint. While it is true that a contract will not be implied merely from reciprocal provisions, without more, in mutual wills (*Clements v. Jones,* 166 Ga. 738 (144 SE 319) (1928)), where the will is also joint, such a contract may be more readily implied. In *Webb v. Smith,* 220 Ga. 809, 812 (141 SE2d 899) (1965), this court stated in dicta, "[t]he contract or agreement between the joint testators may be made out from the promises made in the will." It is clear from the provisions made in the will that the parties had agreed to leave all the property in fee to the survivor and then to divide it between their respective families. Vivian Frazier Gay's two sisters were to receive her personal effects, cash from their checking account, her jewelry, silverware and home furnishings, and the proceeds of her life insurance policy, as well as their oldest automobile and one of their homes. Saint Elmo Gay's two sisters were to inherit the newest automobile and the other homes, the proceeds of his life insurance, money from other bank accounts and stock, his jewelry, gun and clothing. All other assets were to be divided equally between their sisters. These provisions manifest an agreement to split their jointly owned property between their respective families and to bequeath their personal property to their own heirs. Under these circumstances, we hold that this will evidences "the existence of a clear and definite contract." *C & S Nat. Bank v. Leaptrot,* 225 Ga. 783, 786 (171 SE2d 555) (1969); *Clements v. Jones,* supra. Equity will

therefore intervene to prevent a fraud and will enforce such a contract. *Ammons v. Williams,* 233 Ga. 534 (212 SE2d 769) (1975).

The cases cited by the appellant deal with the revocability of mutual wills prior to the death of one of the parties and before the survivor has received the benefits of the mutual promises being revoked. Thus they are inapposite. E.g., Code Ann. § 113-401; *Lampkin v. Edwards,* 222 Ga. 288 (149 SE2d 708) (1966). In addition, *Jones v. Jones,* 231 Ga. 145 (200 SE2d 725) (1973), does not compel a different result. In that case this court merely held that, although a will itself made pursuant to a contract may be revoked, the contractual rights which underlie it are still binding on the parties and their estates.

The trial court properly granted specific performance of the contract as expressed in the joint and mutual will of Saint Elmo and Vivian Frazier Gay. Enumerations of error 1, 2, 3, 4 and 6 do not present cause for reversal.

2. In the fifth enumeration of error, appellant claims that the trial court erred in setting aside the probate of the second, 1976, will of Saint Elmo Gay. As was held in *Jones v. Jones,* supra, such a will may in fact be probated. Its terms, however, can not be carried out since the property will be distributed according to the decree of specific performance affirmed in Division 1, supra. Nevertheless, we must agree with appellant that the trial court erred in setting aside the probate of the second will. *Rigby v. Powell,* 233 Ga. 158 (210 SE2d 696) (1974). This portion of the trial court judgment is reversed.

3. We do not here consider the appellant's argument that she is not a proper party defendant since the issue was not raised by her enumerations of error.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED OCTOBER 7, 1977 — DECIDED NOVEMBER 2, 1977 — REHEARING DENIED NOVEMBER 29, 1977.

*Duncan, Thomasson & Mallory, Thurman E. Duncan,* for appellant.

*Ketzky & Hipp, P. Seale Hipp,* for appellees.