36969. RICKETSON et al. v. FOX et al.

MARSHALL, Justice.

The testatrix and her husband executed a joint and mutual will in 1975, leaving all of their property upon the death of either of them to the survivor and upon the death of the survivor leaving the remainder to various named churches. The husband died in 1975, and the testatrix died in 1979.

The propounders, who are members of two of the churches named in the will, filed a petition to probate the will in solemn form in

probate court. A caveat to probate of the will was filed by the brother and sisters of the testatrix. The case was appealed by agreement of the parties to superior court. In superior court, the jury returned a verdict in favor of the propounders. Following the denial of their motion for new trial, the caveators appeal.

1. First, they argue that the trial judge erred in denying their motion for new trial in that two of the jurors were related within the prohibited sixth degree to members of two of the churches named in the will.

Code § 59-716 does provide: "All trial jurors in the courts of this State shall be disqualified to act or serve, in any case or matter, when such juror is related by consanguinity or affinity to any party interested in the result of the case or matter, within the sixth degree, as computed according to the civil law. . ." However, in this case the parties entered into a pretrial order under which only officers, agents, employees, and members of the churches would be disqualified as jurors. A pretrial order controls the course of the trial, unless it is modified to prevent manifest injustice. Code Ann. § 81A-116. *Echols v. Bridges,* 239 Ga. 25, 27 (235 SE2d 535) (1977). The pretrial order was not modified here, and under it the complained-of jurors were not disqualified.

2. Second, the caveators argue that the trial judge erred in denying their motion for new trial because of evidence of undue influence exercised by the testatrix' husband.

A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict. *Adler v. Adler,* 207 Ga. 394 (7) (61 SE2d 824) (1950). Here, there was ample evidence to authorize the jury in finding that the will was freely and voluntarily executed by the testatrix, and the evidence in no way demanded a finding of undue influence by her husband. See generally *Boland v. Aycock,* 191 Ga. 327 (12 SE2d 319) (1940).

3. Finally, the caveators argue that joint wills are unconstitutional. We disagree.

"A testator, by his will, may make any disposition of his property not inconsistent with the laws or contrary to the policy of the State . . ." Code § 113-106. "Mutual wills may be made either separately or jointly . . ." Code § 113-104. See *Simmons v. Davis,* 240 Ga. 282 (240 SE2d 33) (1977).

The trial judge did not err in denying the motion for new trial on any of the grounds advanced in the foregoing enumerations of error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1981.

*Dewey Hayes, Jr., Dewey Hayes, Sr.,* for appellants.
*Preston & Preston, M. L. Preston,* for appellees.