41683. McPHERSON et al. v. McPHERSON.

(327 SE2d 204)

SMITH, Justice.

Appellants, lateral heirs of John T. and Elizabeth McPherson, filed a caveat in the Cobb County Probate Court to prevent appellee,

John T. McPherson's second wife, from receiving a year's support award from John T. McPherson's estate. The probate judge dismissed the caveat for all appellants except Charles McPherson, the executor of Elizabeth's estate. He then denied the caveat as to Charles McPherson. Appellants raise four enumerations of error from the Superior Court's affirmance of the Probate Court's ruling. We affirm.

John T. McPherson and Elizabeth McPherson, John's first wife, executed a joint will on May 6, 1972. The will granted a life estate in a house to John H. and Hattie McPherson and left all other property to the surviving testator. In the fifth paragraph, the testators provided that in case of simultaneous deaths, or if the survivor did not make another will, appellants were to receive shares of the estate.

Elizabeth died on July 18, 1981. On February 12, 1983, John T. McPherson married appellee. John T. died childless on September 17, 1983. Appellee offered the joint will for probate as to Elizabeth only on December 2, 1983. She filed for year's support from John T. McPherson's estate on February 1, 1984. Appellants then filed a caveat to the petition for year's support.

1. Appellants, in their second enumeration, charge that the trial court denied them a de novo investigation in the Superior Court. In his final order, Judge Hines of the Superior Court stated that the parties "agreed to submit the case on brief in lieu of a hearing." We find no error.

2. In two enumerations of error, appellants assert that the fifth paragraph of the joint will and certain other portions of the will require that this will be construed as a joint and mutual will. Appellants cite in support of their argument *Simmons v. Davis*, 240 Ga. 282 (240 SE2d 33) (1977). In *Simmons*, this court construed a joint will that left all property to the surviving testator, then upon his or her death to various family members, to be a joint and mutual will based upon a valid contract.

While the basic testamentary scheme in this case is very similar to that found in *Simmons*, the fifth paragraph of this will also provides a distinction between the two schemes. In that provision, the testators recognized specifically that the survivor might make a new will to replace the joint will. This provision shows that the testators did not intend to bind themselves to the testamentary scheme found in the joint will, and it renders *Simmons* inapplicable. We thus hold that the trial court did not err in ruling this a joint will, rather than a joint and mutual will, under OCGA § 53-2-51 (b).

3. Appellants also challenge their dismissal from the caveat. They assert that they are legatees under the joint will or as a result of the terms of the mutual will, and that they thus have standing to challenge appellee's petition.

The joint will was revoked upon the remarriage of John T. Mc-

Pherson. OCGA § 53-2-76. The will was not a mutual will. The joint will left John T. McPherson as the only legatee of Elizabeth McPherson. John then died intestate leaving Helen as his only heir. As the courts below were correct in finding that appellants were not heirs of John T. or legatees of Elizabeth McPherson, the dismissal of appellants from the caveat was proper. *Jones v. Cooner*, 137 Ga. 681, 683 (74 SE 51) (1912).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1985.

*Richard L. Powell*, for appellants.
*William E. Otwell, Thomas E. Bannister*, for appellee.