75513. MATHIS et al. v. DEPARTMENT OF TRANSPORTATION.
(365 SE2d 504)

BANKE, Presiding Judge.

The Department of Transportation condemned 4.4496 acres of land belonging to the appellants, leaving them with a remainder of approximately 40 acres. The appellants appealed the issue of compensation to a jury, being primarily concerned with the effect of the taking on their remaining access to an adjacent highway. The jury awarded the appellants compensation in the total principal amount of $24,500, which was only $100 more than the amount previously paid into court by the department. This appeal is from the denial of the appellants' motion for new trial. *Held*:

1. The appellants contend that the jury's verdict was contrary to the weight of the evidence, which, they assert, established overwhelmingly that the taking deprived them of their only reasonable "on grade" access to the highway, thereby greatly diminishing the value of their remaining property.

In a civil case, "[a] trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is *no* evidence to support the verdict. (Cit.)" *Ricketson v. Fox*, 247 Ga. 162, 163 (1) (274 SE2d 556) (1981). (Emphasis supplied.) Accord *McBowman v. Merry*, 104 Ga. App. 454, 456 (122 SE2d 136) (1961). The department's appraiser testified that in his opinion the highway frontage taken by the department was "virtually useless . . . because it was so high above grade, and it had so much rock in it," with the result that the remaining property had "basically the same access after the taking [as] before the taking." He estimated that the total

amount of money necessary to "compensate [the appellants], or put them in the same situation they were before the taking" was $11,700. Since this was less than the amount awarded by the jury, it cannot be said that the verdict was inadequate as a matter of law.

2. The appellants contend that they were entitled to a new trial on the basis of newly discovered evidence revealing that there was a "title problem" with respect to one of the remaining points of access which, according to the department, remained to them after the taking. However, it is not apparent why this alleged "cloud" on the public ownership of the right-of-way in question would not have been a matter of public record. Consequently, we must conclude that the appellants have not carried their burden of establishing that they were unable to discover this alleged newly discovered evidence in the exercise of due diligence prior to trial. See generally *Timberlake v. State*, 246 Ga. 488, 491-492 (271 SE2d 792) (1980). Moreover, since the appellants took the position at trial that, due to county subdivision regulations, the access available to them at the location in question was not legally adequate in any event, it cannot be said that the evidence of this alleged title defect was "so material that it would probably produce a different verdict." *Dept. of Transp. v. Cochran*, 160 Ga. App. 583, 584 (287 SE2d 599) (1981). Consequently, this enumeration of error establishes no ground for reversal.

3. The appellants contend that the trial court erred in charging the jury that three specific points of access remained to them after the taking, when the evidence in fact showed that one of these points of access had been taken by the department and that the other two might not be usable due to legal or topographical problems. However, this enumeration of error was not made the subject of an objection at trial. Generally speaking, "in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." OCGA § 5-5-24 (a).

We reject the appellants' contention that this asserted error was so blatantly prejudicial and harmful in the context of the evidence and of the issues being tried as to require reversal pursuant to OCGA § 5-5-24 (c), notwithstanding the absence of an objection. Moreover, the transcript in this case reveals that the appellants' counsel did not merely fail to object to this portion of the court's charge but affirmatively acquiesced in it by announcing that the appellants' "only exception to the charge" concerned a different portion thereof. It has been held that OCGA § 5-5-24 (c) is inapplicable under such circumstances. See *Brown v. Garcia*, 154 Ga. App. 837, 838 (270 SE2d 63) (1980).

4. The appellants contend that the trial court erred in refusing to

give their requested charge that "[d]eprivation of access taking into consideration the inconvenience and circuity of travel in reaching the remaining property created by the taking is clearly a consideration affecting the value of the condemnees' remaining property and is compensable as an element of consequential damages."

As part of its charge on consequential damages, and with specific reference to the issue of the effect of the taking on the appellants' access to their remaining property, the trial judge charged the jury as follows: "Now I charge you further, ladies and gentlemen, that the condemnees cannot recover for mere inconvenience in the use of their property retained by them resulting from the lawful use of the land taken by the condemnors *except insofar as such inconvenience, if any, may be shown by the evidence to adversely affect the fair market value of the condemnees' remaining property.* I charge you that the cost of any repairs or improvements to these rights-of-way which I have referred to which you find must be made by the condemnees in order for them to have effective and reasonable access to the public road constitutes elements of consequential damages to the property retained by the condemnees." (Emphasis supplied.) We conclude that this constituted a sufficient instruction on the principle, expressed in *Dept. of Transp. v. Whitehead*, 253 Ga. 150, 152 (317 SE2d 542) (1984), that the jury may compensate the condemnee for deprivation of access in a manner which "[takes] cognizance of the inconvenience and circuity of travel created thereby in reaching his remaining property." Consequently, we hold that the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 28, 1988.

*Sandra M. Baumwald, J. Edward Allen, Jr.,* for appellants.
*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Ken Stula, Special Assistant Attorney General,* for appellee.