A89A1006. ESTFAN et al. v. POOLE.
(388 SE2d 373)

BIRDSONG, Judge.

Fred J. Estfan, Regent Realty, Inc., and Investors Services, Inc., appeal from a judgment, based on a jury verdict, against them in favor of Donald J. Poole, Jr. Poole sued the appellants to recover commissions he claimed to be owed from a project in Michigan under his written employment contract with Regent Realty and from a project in New York under an oral contract with Investors Services, and to recover damages from Estfan for tortious interference with Poole's contract rights under those contracts. Estfan wholly owned both Regent Realty and Investors Services, and Poole claims that Estfan deprived him of commissions owed by both companies.

Appellants contended, however, that Poole was not entitled to a commission on the Michigan project because a payment Investors Services received was for management and litigation support and was not a real estate commission owed Regent Realty which would entitle Poole to a commission. They also denied that Poole was owed any commissions by Investors Services because they contended his agreement with Investors Services only entitled him to commissions based upon his actual work and they said he had done no work on either project. Further, they denied that Estfan improperly diverted any payment.

The jury found for Poole on all counts and awarded him damages of $9,100 against Investors Services on the New York project and of $145,000 against Regent Realty and Investors Services on the Michi-

gan project. The jury also awarded Poole $42,517 in actual damages and $1 in punitive damages against Estfan for tortious interference with contract.

Appellants assert on appeal that the trial court erred by not directing a verdict in favor of Estfan and Regent Realty because there was no evidence that the Michigan project payment was a real estate commission. They contend the trial court erred by not granting a new trial because: there was no evidence supporting the verdict that the Michigan payment was a real estate commission; the verdict was decidedly and strongly against the weight of the evidence; the verdict was a legal impossibility under the facts; the verdict included amounts which allegedly Poole did not even claim; and the great weight of the evidence demonstrated there was no oral contract. They also allege the trial court erred by allowing Poole to interject the worldly estate and wealth of the defendants, by not charging the jury on accord and satisfaction as stated in one of appellants' requested charges, and by not granting appellants' motion for judgment n.o.v. *Held*:

1. First, we must remind counsel that Court of Appeals Rule 15 establishes the requirements for the structure and content of briefs filed in this court. Among those requirements are that the sequence of arguments should follow generally the order of the enumerations of error and the arguments shall be numbered accordingly (Rule 15 (c) (1)), and enumerated errors will be supported by specific references to the record or transcript. Rule 15 (c) (3). Further, enumerations of error not supported by citation of authority or argument are deemed abandoned. Rule 15 (c) (2). After a ten-page analysis of the evidence as they see it, appellants conclude a portion of the argument in their brief by saying: "We believe this part of the argument would support enumerations of errors 1 through 4." Other than a reference to enumeration 4 some ten pages before, this constitutes appellants' entire attempt to comply with Rule 15 (c) (3) on these enumerations of error. Although there is substantial question whether this complies with Rule 15, we will nevertheless consider those enumerations of error on their merits.

a. The first enumeration of error argues that the trial judge improperly denied a motion for directed verdict by Estfan and Regent Realty because allegedly there was no evidence the Michigan payment was a real estate commission. Poole argues that this enumeration should not be considered because appellants did not make a motion for a directed verdict before the trial court and therefore cannot complain that such a motion was denied. The question arises because appellants apparently first made their motions off the record in an informal conference and then made the motions on the record in an abbreviated form. We have examined the transcript and find that it

shows that, at least as enumeration 1 is concerned, a motion was made and the grounds therefor stated. *L. D. S. Social Svcs. Corp. v. Richins*, 191 Ga. App. 695, 697 (382 SE2d 607). Accordingly, Poole's initial argument is without merit, and we will consider whether the motion was properly denied. "A directed verdict . . . is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict." (Emphasis deleted.) *Union Camp Corp. v. Daley*, 188 Ga. App. 756 (374 SE2d 329); OCGA § 9-11-50 (a). While appellants argue at length that Poole's evidence was inferior to their evidence and that it was self-contradictory, the transcript shows evidence that the payment on the Michigan project was a real estate commission. Thus, it cannot be said that there was no conflict in the evidence or that the evidence demanded a verdict for appellants (*Union Camp Corp. v. Daley*, supra). Accordingly, the trial court properly denied the motion for a directed verdict.

b. Enumerations of error 2-4, as crafted and as argued in appellant's brief, are too general and uncertain to present any appellate question other than the general grounds. Compare *Haywood v. Wooden Peg*, 174 Ga. App. 806 (1) (331 SE2d 109). However, as the general grounds appear to have been asserted, we will consider this issue during appellate review. OCGA § 5-6-48 (f). Any other contention is deemed abandoned because of failure to comply with Court of Appeals Rule 15 (c) (3).

c. Enumeration 2 asserts that the motion for new trial was erroneously denied because there was no evidence that the Michigan project payment was tortiously diverted by Estfan from Regent Realty to Investors Services. " '[A] trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is *no* evidence to support the verdict. (Cit.)' *Ricketson v. Fox*, 247 Ga. 162, 163 (1) (274 SE2d 556) (1981)." *Mathis v. Dept. of Transp.*, 185 Ga. App. 658 (365 SE2d 504). The transcript discloses evidence that the payment in question was a real estate commission, that Estfan was the prime actor in deciding the means and terms of the payment, that the payment was not made to Regent Realty with which Poole had a written employment contract entitling him to a commission on the payment but to Investors Services where he had no written contract, and that appellants thereafter denied that Poole was entitled to a commission under his written contract. Therefore, there is evidence to support the verdict and the trial court did not err by denying the motion.

d. Enumeration 3 contends that the new trial motion was erroneously denied because the verdict that the Michigan payment was a real estate commission was decidedly and strongly against the weight of the evidence and thus failure to grant the motion was an abuse of

the trial court's discretion. This enumeration of error is likewise without merit. " ' "Whether (the jury's) verdict is contrary . . . to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Adler v. Adler*, 207 Ga. 394, 405 (61 SE2d 824).' *Southern R. Co. v. Garner*, 101 Ga. App. 371, 373 (2) (114 SE2d 211)." *Green v. Dillard*, 176 Ga. App. 574, 575 (337 SE2d 55), overruled on other grounds, *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 857 (360 SE2d 415). There is evidence supporting the verdict and the trial court did not err by denying the motion.

e. Enumeration 4 asserts that the trial court erred in denying appellants' motion for a new trial "since verdicts against all three [d]efendants was a legal impossibility under the facts of this case." No authority is cited for this proposition, and as there is evidence supporting the verdict against all three appellants and the verdict is not otherwise contrary to law, this enumeration also lacks merit. *Mathis v. Dept. of Transp.*, supra.

2. In enumeration of error 5, appellants argue that the trial court erred by denying their motion for new trial because the verdict included an amount which Poole allegedly abandoned as not part of his claim. Although this contention was argued forcefully by appellants at trial, it is not supported by the transcript. The transcript shows that, while Poole did not always seek his share of the monthly management fee, this was not because he relinquished his claim to a portion of the fee. Poole claimed a share of the management fee and he also contended that the Michigan payment did not include amounts for the management fees. Since there is evidence that Poole did not give up this claim, this enumeration of error is without merit. *Mathis v. Dept. of Transp.*, supra.

3. Appellants assert in enumeration 6 that the trial court erred by permitting Poole to present evidence concerning appellants' wealth. Appellants correctly state the general rule that a party's wealth is usually not admissible because such evidence is typically not relevant to any issue in the case. See, e.g., *Northwestern Univ. v. Crisp*, 211 Ga. 636, 641 (88 SE2d 26). Poole, however, contends that this case is one of the exceptions to the general rule since the evidence necessarily involved the issue of the diversion of the Michigan payment from one corporation to the other. See *Weathers v. Cowan*, 176 Ga. App. 19-20 (333 SE2d 921). There was no error. Questions concerning admissibility of evidence are vested in the trial court (*Kilpatrick v. Foster*, 185 Ga. App. 453, 457 (364 SE2d 588)), and unless the trial court has abused its discretion, this court will not interfere.

*Palmer v. State*, 186 Ga. App. 892, 898-899 (369 SE2d 38). Further, the Georgia rule favors admissibility of relevant evidence. *Southern Bell Tel. &c. Co. v. Coastal Transmission Svc.*, 167 Ga. App. 611, 618 (307 SE2d 83). Consequently, there was no abuse of discretion.

Moreover, had there been error, it was waived by appellants. The trial court initially excluded the evidence concerning the corporations' assets because the issue was not raised in the pretrial order. Then, when appellants attempted to present evidence on the defense of accord and satisfaction, which also was not raised in the pretrial order, the trial court decided to permit the parties to amend the pretrial order to allow them to present evidence on these issues. The transcript shows that appellants consented to this procedure because they wanted to present evidence of an accord and satisfaction. Having agreed to the admissibility of the evidence on appellants' assets, they cannot now complain of the trial court's ruling. *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536).

4. In enumeration of error 7, appellants contend the trial court erred by not giving their requested charge on the defense of accord and satisfaction. The thrust of the requested charge was that if the jury found any accord and satisfaction, they "were obliged to render a verdict for the defendants." Whether there was an accord and satisfaction is a question for the jury. *Woodstock Rd. &c. Prop. v. Lacy*, 149 Ga. App. 593, 594 (254 SE2d 910). An accord and satisfaction would result in a defendant's verdict on all counts of the complaint only if the jury found that the terms of the new agreement required that verdict. The requested charge does not allow for the possibility that the jury could find there was not an accord and satisfaction on all of Poole's claims. See *Wallace v. Harrison*, 166 Ga. App. 461, 465 (304 SE2d 487). Thus, it was not adjusted to the evidence introduced at trial. *Department of Transp. v. Freeman*, 187 Ga. App. 883, 884 (371 SE2d 887). Moreover, since it would require a defendant's verdict even if the jury found an accord and satisfaction to some but not to all of Poole's claims, it was not a correct statement of law and the trial court did not err by refusing to give it. *T. G. & Y. Stores Co. v. Waters*, 175 Ga. App. 884, 885 (334 SE2d 910). Therefore this enumeration of error is without merit.

5. The eighth enumeration of error alleges the trial court. erred by denying appellants' motion for new trial based on the allegation that any verdict that Poole had an oral contract with Investors Services was contrary to the weight of the evidence. Appellants' argument again asks this court to assess the weight of the evidence. That is not our function. There is some evidence supporting the verdict, and that is sufficient. *Green v. Dillard*, supra. The enumeration of error is without merit.

6. As appellants' ninth enumeration of error, contesting the de-

nial of their motion for judgment n.o.v. is neither supported by argument nor citation of authority, it is abandoned. Court of Appeals Rule 15 (c) (2); *Sepulvado v. Daniels Lincoln Mercury*, 170 Ga. App. 109 (316 SE2d 554).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 31, 1989 —
REHEARING DENIED NOVEMBER 14, 1989 —

*Evans & Flournoy, Charles A. Evans*, for appellants.
*David C. Butler*, for appellee.