A91A0017. DYER et al. v. INVESTORS SERVICES, INC.
(409 SE2d 249)

BANKE, Presiding Judge.

The appellee filed suit against MDM Partners-Oakwood (hereafter referred to as "MDM") and its general partners, Ernest Dyer and Donald Paffenroth, seeking to recover an alleged indebtedness for consulting and management services it had rendered. A default judgment was entered against Paffenroth based on his failure to answer the complaint, and the case against the two remaining defendants was tried before a jury, resulting in a verdict in favor of the appellee-plaintiff. Dyer and MDM bring this appeal from the denial of their subsequent motion for new trial.

The appellee corporation, which is wholly owned by Fred Estfan, is in the business of real estate development and management, while appellant MDM is a general partnership formed for the purpose of constructing and operating a medical office building and parking garage on the grounds of Oakwood Hospital in Dearborn, Michigan. Pursuant to its agreement with the hospital, MDM obtained a ground

lease on the property in question and then leased a portion of it back to the hospital after the improvements were constructed. Appellant Dyer owned a 71 percent interest in MDM and Paffenroth a 24 percent interest. In March of 1984, Dyer asked the appellee to manage the property for a fee of $4,000 a month. Because Dyer and Paffenroth were embroiled in a dispute at the time, all communications between them concerning the partnership business were handled through the appellee's president, Estfan. During this period, a dispute arose between MDM and the hospital which resulted in legal action being commenced against the hospital by MDM. On September 11, 1985, the hospital and MDM settled this litigation, and pursuant to that settlement the hospital purchased the office building and garage. The proceeds from the closing were placed in escrow pending settlement of the dispute between Dyer and Paffenroth.

The appellee's president testified that during a telephone conversation on September 11, 1985, Dyer orally agreed to pay a $400,000 fee to the appellee both for its support services in connection with the litigation against the hospital and for certain accrued monthly management fees it was assertedly owed by MDM. The appellee thereafter drafted a letter of instruction to the closing attorney instructing him to disburse to it $400,000 of the escrow proceeds. Dyer signed this letter; but Paffenroth refused, in part because he wanted the fee reduced to $300,000. The appellee thereafter amended the instructions to reduce the escrow disbursement to $300,000. This change was signed by Paffenroth and initialed by Estfan on Dyer's behalf under a power of attorney. (Paffenroth testified that it was his understanding that Dyer had agreed to pay the remaining $100,000 at a later date.) A distribution of the remaining closing proceeds was eventually worked out between Paffenroth and Dyer, following which the appellee demanded the additional $100,000, along with payment of certain fees for work it had performed subsequent to the closing. When such payment was not forthcoming, it brought the present action. *Held*:

1. The appellants contend that the trial court erred in admitting evidence concerning a proposed settlement agreement between Dyer and Paffenroth which specified that the appellee was to receive $103,560 from the remaining escrow proceeds. The appellants both filed a motion in limine seeking to exclude this evidence prior to trial and also objected to it when it was offered during the trial.

" '[A]dmissions or propositions made with a view to a compromise are not proper evidence.' OCGA § 24-3-37. The purpose of this Code section is 'to encourage settlements and protect parties who freely engage in negotiations directed toward resolution of lawsuits.' [Cit.] It has been held applicable, however, only to 'admissions . . . which are made as a concession to bring about a compromise or settlement' and not to 'independent statements of fact by a party, even

though made while the parties are trying to settle. . . .' [Cit.]" *Computer Communications Specialists v. Hall*, 188 Ga. App. 545, 546 (373 SE2d 630) (1988).

The settlement document at issue was drafted by the appellee at the request of Paffenroth and Dyer for the purpose of facilitating their efforts to settle their respective differences with regard to MDM. Paragraph 7 of the agreement specified that the proceeds from the sale of the hospital project were to be paid to Dyer after payment of certain outstanding debts, including the debt claimed by the appellee. The appellants contend that this document was inadmissible under OCGA § 24-3-37 in view of a subsequent paragraph dealing with third-party indemnification which was to be provided to the appellee by Dyer and Paffenroth. However, it is clear that the overriding purpose of the document was not to settle any dispute with the appellee but to settle the ongoing differences between Dyer and Paffenroth and to wind up the affairs of their partnership following the sale of its major asset. Under the circumstances, we hold that the document was properly admitted as evidence in the present litigation. See *Ostroff v. Coyner*, 187 Ga. App. 109, 116 (5) (369 SE2d 298) (1988); *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497, 498 (1) (300 SE2d 328) (1983).

2. The appellants contend that the trial court erred in refusing to give various charges to the jury, some requested and others not requested. At the conclusion of its charge to the jury, the court inquired if there were any exceptions, and counsel for the appellants replied, "We have none." Accordingly, these enumerations of error present nothing for review. See OCGA § 5-5-24; *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858 (4) (360 SE2d 418) (1987); *Turner v. Taylor*, 179 Ga. App. 574 (3) (346 SE2d 920) (1986).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JULY 1, 1991 —
RECONSIDERATION DENIED JULY 25, 1991 — 

*Alston & Bird, Jay D. Bennett, David C. Butler*, for appellants.
*Evans & Flournoy, Charles A. Evans*, for appellee.