A92A1624. POOLE v. ESTFAN et al.
(426 SE2d 61)

COOPER, Judge.

Appellant appeals from the trial court's grant of summary judgment to appellees in this second appearance of these parties before this court. See *Estfan v. Poole*, 193 Ga. App. 507 (388 SE2d 373) (1989) ("*Estfan I*"). In the first appearance, we affirmed the judgment entered on a jury verdict in favor of appellant for unpaid real estate commissions against appellee Regent Realty, Inc., appellant's former employer, pursuant to a written employment contract and against appellees Fred J. Estfan and Investors Services, Inc. pursuant to an oral contract. Following satisfaction of the judgment, appellant brought this action against appellees to recover his purported share of a judgment obtained in a separate action by Investors Services for consulting and management services rendered by Investors Services to the entities involved in the sale of the property which generated the bulk of commissions. See *Dyer v. Investors Services*, 200 Ga. App. 634 (409 SE2d 249) (1991). Appellant's demand is based on the same written and oral contracts upon which his recovery was based in *Estfan I*.

Appellant's written contract with Regent Realty provided that appellant receive "65% of gross income received by Regent Realty in any transaction he initiates," and at trial, appellant contended that its oral contract with Investors Services was the same. Appellees moved for summary judgment on appellant's complaint on the grounds that the judgment obtained by Investors Services satisfied a debt owed to Investors Services only and that the judgment obtained by appellant in *Estfan I* collaterally estops him from further recovery against appellees. In its order granting summary judgment to appellees, the trial court found that throughout *Estfan I*, appellant maintained his entitlement only to real estate commissions; that appellant denied that the recovery sought was a management fee; that the jury determined that appellant was entitled to real estate commissions; that the parties and the subject matter of *Estfan I* and the instant case are identical; and, therefore, that appellant was barred by collateral estoppel and res judicata from asserting his claim against Investors Services. The trial court also held that although the grant of summary judgment applied to all three appellees, the record demonstrated that there was no possibility of a claim against Fred J. Estfan and Regent Realty and that they were entitled to discharge from liability in any event.

1. At the outset, we are compelled to remind counsel that among the rules establishing the structure and content of appellate briefs is the requirement that appellants and appellees provide citations to material parts of the record or transcript. Court of Appeals Rule 15 (a) (1) and (b) (1). Both sides in this appeal make references to various portions of the rather voluminous record without citation. " 'It is not the function of this court to cull the record on behalf of a party in search of instances of error.' [Cit.] 'This court can not read every line of the record and transcript to hunt for error.' [Cit.]" *West v. Nodvin*, 196 Ga. App. 825, 827 (2b) (397 SE2d 567) (1990). As noted above, these principles apply equally to both sides in an appeal. We are particularly concerned about this violation of our court rules because counsel was similarly reminded in *Estfan I. Estfan*, supra at 508. However, as we previously concluded in *Estfan I*, even though there is a substantial question as to whether the parties have compiled with Rule 15, we will nevertheless consider the enumerations of error asserted by appellant on their merits.

2. Appellant contends the trial court erred in finding as a matter of law that the complaint is barred by res judicata and/or collateral estoppel.

"On summary judgment, movant has the burden of showing there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. When, as in the instant case, [movants are the defendants], [they have] the additional burden of piercing the

plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint. In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cit.]" *Demarest v. Moore,* 201 Ga. App. 90, 91-92 (1) (410 SE2d 191) (1991).

" ' "For res judicata to act as a bar of a subsequent action, the original and subsequent action must bear certain identical characteristics. The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical. Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action. (Cit.)" (Cit.)' [Cit.]" *McGuire v. Witcher,* 201 Ga. App. 685, 686 (411 SE2d 875) (1991). Although the parties in *Estfan I* and the instant case are identical, the causes of action are neither identical nor was the issue in the instant case adjudicated in *Estfan I.* The record demonstrates that $400,000 was received by appellees from the sale of certain property in Michigan. Upon appellees' receipt of $300,000, appellant filed the first action against appellees (*Estfan I*) based on the written employment contract with Regent Realty and an oral contract with Investors Services, which provided that appellant receive 65 percent of gross income *received* by appellees in any transaction he initiated. Upon Investors Services receipt of the additional $100,000 in consulting and management services, which Investors Services obtained in litigation after *Estfan I,* appellant filed the instant action to recover his purported share of the remaining proceeds. After reviewing the transcript of *Estfan I,* we do not agree with the trial court and appellees that by attempting to recover only his share of the initial $300,000, appellant relinquished his claim to the remaining $100,000 which had not been *received* by Investors Services until after *Estfan I.* It appears that our conclusion is consistent with this court's earlier position in *Estfan I* wherein appellees contended that appellant abandoned his share of a monthly management fee in favor of pursuing his share of the $300,000. *Estfan,* supra at 510. It is not significant that appellant described the recovery he sought in *Estfan I* as real estate commissions and not management fees or that the recovery sought in the instant case might be described as management fees because the broad language of the written contract and presumably the oral contract provide that appellant receive "gross income." Thus, neither res judicata nor collateral estoppel bars appellant's claim. The causes of action are different, and appellant's entitlement to a share of the $100,000 was not litigated in *Estfan I.* Appellees have the burden of

piercing appellant's pleadings and proving that appellant is not entitled to recover a portion of the $100,000 as a matter of law. *Demarest*, supra at 91-92. This burden has not been met. However, we do agree with the trial court that any recovery appellant receives should be satisfied by Investors Services inasmuch as the judgment for $100,000 was won by Investors Services and appellant does not contend that either Regent Realty or Fred J. Estfan improperly diverted the funds to Investors Services as he maintained in *Estfan I*. Accordingly, we find no error in the grant of summary judgment to appellees Regent Realty and Fred J. Estfan; however, the trial court erred in granting summary judgment to appellee Investors Services.

3. Based on the foregoing, we need not address appellant's remaining enumerations of error.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 30, 1992.

*Paul D. Horton*, for appellant.
*Evans & Flournoy, Charles A. Evans*, for appellees.