A93A2569. ASBURY et al. v. GEORGIA WORLD
CONGRESS CENTER.
(442 SE2d 822)

SMITH, Judge.
This personal injury action arises out of a collision which occurred during preparations for a trade show at the Georgia World Congress Center. A pushcart operated by plaintiff-appellant Barbara Asbury collided with an electric cart driven by an employee of defendant-appellee Georgia World Congress Center. Barbara Asbury and her husband brought this action against appellee and its em-

ployee,[1] seeking damages for personal injuries and loss of consortium. On the trial of the case, the jury returned a verdict in favor of appellee. Appellants' motion for j.n.o.v. or, in the alternative, for new trial was denied, and they appeal.

1. Courts must consider a challenge to the striking of jurors under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) in a civil action. *Strozier v. Clark*, 206 Ga. App. 85, 86 (1) (424 SE2d 368) (1992). Since the trial court required appellee to explain its strikes, the issue of a prima facie showing of discrimination is moot. *Lewis v. State*, 262 Ga. 679, 680 (2) (424 SE2d 626) (1993). However, the burden remains on the party making a *Batson* motion to demonstrate clear error in the denial of the motion. *Kelly v. State*, 209 Ga. App. 789, 792 (1) (434 SE2d 743) (1993).

Appellants' brief identifies four prospective jurors as to whom *Batson* motions were made. One of these individuals was returned to the jury by the trial court. Appellants withdrew their *Batson* motion as to a fifth panel member. Appellee offered explanations for the striking of the remaining three prospective jurors. The first panel member had been in a collision, suffered from neck and back problems similar to those complained of by appellants, and expressed a lack of interest in serving on the jury. The second panel member stated that she had buried her grandson two days earlier, was still in mourning, and would be unable to listen to or consider the evidence properly. The third panel member had her eyes closed and appeared to be sleeping during much of the voir dire. "[Appellee's] explanations were clear, specific, related to the case to be tried, and race-neutral. [Cits.]" *Kelly v. State*, supra. See *Lingo v. State*, 263 Ga. 663 (437 SE2d 463) (1993).

Appellants asserted that similarly situated panel members were not struck from the jury. However, where the transcript or record does not fully disclose the facts alleged by a party, the burden is on that party to complete the record pursuant to OCGA § 5-6-41. *Thomas v. State*, 208 Ga. App. 367 (1) (430 SE2d 768) (1993). Colloquies between counsel and court regarding what occurred during voir dire are not competent evidence. Id. at 368.

The record does not show the identity of individual panel members with any certainty.[2] During voir dire, all prospective jurors were identified by the court reporter only as "a juror." During 87 recorded

---

[1] The individual defendant was dismissed at trial.

[2] For example, it appears that juror number 20 indicated on voir dire that she did not feel that she could listen or participate adequately because she had buried her grandson two days before. However, she is never identified by juror number on voir dire, and our surmise as to her identity is based only on the unlikelihood of two prospective jurors suffering a similar bereavement in so short a time.

pages of voir dire, conducted primarily by appellants' counsel, panel members often were referred to by name only, by juror number only, or by neither. On several occasions, appellants' counsel asked panel members to raise their hands, with no showing on the record of name, juror number, or how many panel members responded. Appellants have not pointed out nor have we found in the record a jury roll or "juror biographical data" sheet such as that noted in *Thomas v. State*, supra at 368. Nor does the record, as opposed to colloquy among court and counsel, identify any member of the panel by race. "The record . . . is simply insufficient for this court to determine whether the trial court erred." Id. at 370.

"The trial court's findings are, of course, entitled to great deference, and will be affirmed unless clearly erroneous. Because the U. S. Supreme Court has cautioned us that the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility[,] a reviewing court ordinarily should give those findings great deference." (Citations and punctuation omitted.) *Ledford v. State*, 207 Ga. App. 705, 706-707 (1) (429 SE2d 124) (1993). The trial court heard appellants' *Batson* motion at considerable length and accepted the explanations offered by appellee's counsel. Appellants have failed to show clear error, and we will not disturb the trial court's ruling.

2. In four enumerations of error, appellants challenge the sufficiency of the evidence to support the verdict. By returning a general verdict in favor of appellee, the jury necessarily concluded that appellee and its employee were not negligent, that the negligence of Ms. Asbury equalled or exceeded that of appellee and its employee, or that the collision did not cause the injuries alleged. There was evidence presented at trial to support a determination that Ms. Asbury's medical treatment and psychological difficulties resulted from a pre-existing medical condition or a dispute with her employer, rather than from the collision. Assuming without deciding that the evidence demanded a finding of causation, however, a review of the trial transcript shows evidence from which the jury was authorized to find for appellee on issues of negligence.

For example, a witness for appellants examined the electric cart and the scene and reconstructed the accident. There was evidence, including Ms. Asbury's testimony, that the electric cart had restarted from a full stop 15 to 20 feet away. Appellee's employees testified and appellants' witnesses agreed that the accident occurred as appellee's cart was "travelling straight" along the main aisle past Ms. Asbury's pushcart in the intersecting aisle. The pushcart then struck the rear of the electric cart. Appellants' witness testified that the collision was caused by Ms. Asbury rotating her cart so that it struck the rear of appellee's electric cart, and that the collision would not have occurred

had Ms. Asbury stopped or had she not turned her cart at an angle. On cross-examination, he acknowledged that Ms. Asbury's pushcart was difficult to steer and that she had a duty to be attentive and take into account her cart's limited steering ability. Ms. Asbury acknowledged that she believed there was room for the electric cart to pass and that she pushed her cart so the front corner moved over towards the electric cart.

"The jury verdict has the approval of the trial judge, and after verdict the evidence is to be construed in the light most favorable to the prevailing party and every presumption and inference is in favor of sustaining the verdict. And, if there is any evidence to sustain the verdict of the jury, an appellate court will not disturb it." (Citations and punctuation omitted.) *Nolen v. Murray Indus.*, 165 Ga. App. 785, 786 (1) (302 SE2d 689) (1983). There was evidence authorizing the jury verdict in this case, and we will not disturb it.

3. Appellants' enumeration of error contending that the trial court erred in charging the jury on the issues of comparative and contributory negligence, avoidance, and foreseeability is unsupported by argument, reference to the record, or citation of legal authority; it therefore is deemed abandoned. Court of Appeals Rule 15 (c) (2).

4. Appellants' remaining enumerations of error concern the trial court's refusal to give their proposed charge numbered 28. The trial court, over objection from appellee, initially indicated it would give the charge only in part. After closing arguments, however, the trial court advised counsel of its intent to substitute a pattern charge "very, very similar to the essence of your request to charge 28. So I don't know if you want to continue with your argument." Counsel for appellants objected to the exclusion of the charge and moved for a mistrial, which was denied.

The charge given by the trial court substantially covered the principles of foreseeability, proximate cause, chain reaction, and consequential injuries. " 'A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper.' " (Emphasis in original.) *Roswell Properties v. Salle*, 208 Ga. App. 202, 208 (10) (430 SE2d 404) (1993). A portion of appellants' request to charge dealt with damages arising from medical malpractice, and it was originally rejected by the trial court as irrelevant to the issues in the case. Furthermore, the language of the charge itself was argumentative, using such language as "defendant's negligence" and "the injury he caused," and thereby assuming both negligence and causation.

With respect to appellants' contention that the trial court should have granted a mistrial, "the failure to inform counsel of the court's proposed action on the refusal to charge is not reversible error per se,

but . . . in order to warrant a reversal or new trial for failure to comply with this rule, prejudice must be shown. And, the burden is on the complaining party to show harm. The record does not reflect that the defendant was misled or that he was hampered in his argument to the jury." (Citations and punctuation omitted.) *Jackson v. Meadows*, 157 Ga. App. 569, 571-572 (1) (278 SE2d 8) (1981). Appellants do not make any reference to the record showing the portion of their closing argument which they contend was addressed in the requested charge but not included in the trial court's substantially similar instructions to the jury. "It is not the function of this court to cull the record on behalf of a party in search of instances of error." (Citation and punctuation omitted.) *Poole v. Estfan*, 206 Ga. App. 510, 511 (1) (426 SE2d 61) (1992). Moreover, the question of damages to which the requested charge pertains was not reached, because the jury found for appellee on the issue of liability. Appellants have shown no harm by the refusal to give the requested charge, and these enumerations of error are without merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 15, 1994 —
RECONSIDERATION DENIED MARCH 29, 1994 — 

*Goldstein & Redic, James A. Goldstein, Patrick R. Matarrese, Marci R. Rosenberg,* for appellants.

*Michael J. Bowers, Attorney General, John B. Ballard, Jr., Roland F. Matson, Senior Assistant Attorneys General, Swift, Currie, McGhee & Hiers, L. Bruce Hedrick, Jr., Timothy J. Buckley III, Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Perry A. Phillips,* for appellee.