A95A0735. MORRISON v. GEORGIA NORTHEASTERN
RAILROAD COMPANY, INC.
(456 SE2d 731)

BLACKBURN, Judge.

Appellant/defendant, John Morrison, appeals the order of the trial court denying his motion for new trial arising out of a suit against him brought by appellee/plaintiff, Georgia Northeastern Railroad Company, Inc. (Northeastern).

1. In his first enumeration of error Morrison claims that the trial court erred in that its verdict was contrary to law, the evidence and principles of justice and equity. " 'A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict. (Cit.)' *Ricketson v. Fox*, 247 Ga. 162, 163 (274 SE2d 556) (1981). The same principle applies for findings made by the court sitting without a jury. See *Carter v. State*, 77 Ga. App. 60 (3) (47 SE2d 815) (1948)." *St. Amour v. Roberts*, 170 Ga. App. 717, 718 (318 SE2d 313) (1984).

The record reflects that Northeastern brought the underlying action to end a trespass resulting from a fence line erected by Morrison

on its right-of-way. At a bench trial in which Morrison appeared pro se, Northeastern traced its title to the right-of-way to an 1885 deed by which Montgomery Morrison conveyed "the present road bed . . . together with all dirt or earth along said road bed that is necessary to be used in keeping said road bed in repair" across the subject land to the Marietta and North Georgia Rail Road Company, Northeastern's original predecessor in title. Plaintiff's evidence at trial also included the testimony of four witnesses, an 80-year-old "rail Eval map," and documents establishing the chain of title and of the right-of-way of 100 feet, extending 50 feet to the left and right of the railway center line; that Morrison's fence encroached the same to within 20 feet of the center line; and, that the fence, having been erected in the period from 1979 to 1983, had not existed for more than 20 years.

Further, although Morrison answered Northeastern's complaint, he failed to respond to Northeastern's request for admission of the fact that defendant had erected a fence upon the plaintiff's right-of-way. By operation of law, defendant has admitted encroachment upon plaintiff's right-of-way. OCGA § 9-11-36 (a) (2). Finally, while Morrison presented some new evidence at the hearing on his motion for new trial, such evidence was readily available but not submitted by defendant at the time of trial. Much of defendant's evidence duplicated plaintiff's and there was nothing that refuted plaintiff's proof. While movant does not show why the evidence introduced by him at the motion for new trial was not introduced at the initial hearing, its admission originally would not have required a different result.

The evidence, when viewed in a light to support the court's ruling, is sufficient to support the findings and judgment of the trial court.

2. In view of our disposition of Division 1, we do not reach Morrison's remaining claims of error which challenge the sufficiency of the evidence to support the judgment of the trial court which issue has been determined adversely to appellant.

3. The trial court ruled that appellee had a 50 foot right-of-way on each side of the railroad line, measured from the center of the track. In the permanent injunction issued by the court, however, it enjoined Morrison from erecting a fence any closer "than *100 feet* from [the] center line." It is obviously error for the court to enjoin Morrison from erecting a fence on his own property, other than the preclusion of construction within the right-of-way or *50 feet* from the center line of the track. This case is remanded for correction of the original order by the trial court, consistent with this opinion.

*Judgment affirmed and remanded with direction. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 23, 1995 —
RECONSIDERATION DENIED APRIL 5, 1995 — 

*Weaver & Weaver, George W. Weaver,* for appellant.
*Sam G. Dickson,* for appellee.