A95A0589. MOORE v. MOORE.
(456 SE2d 742)

BLACKBURN, Judge.

We granted John Randy Moore's application for discretionary appeal to review the trial court's order denying his motion for new trial. Moore filed the underlying petition for contempt asserting that defendant, Dianne Moore, refused to allow him visitation with his children, who were in her custody, under their 1984 divorce decree. Defendant denied Moore visitation after the couple's oldest daughter, then 17, accused Moore of three incidents of sexual molestation which occurred in 1990.

1. In three enumerations of error Moore claims that the trial court's judgment modifying the decree of divorce between the parties by restricting his visitation rights was contrary to the evidence, principles of justice and equity, and an abuse of discretion.

In a civil case, "a trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is *no* evidence to support the verdict." (Citations and punctuation omitted.) *Mathis v. Dept. of Transp.*, 185 Ga. App. 658 (1) (365 SE2d 504). The same rule attaches as to findings made by the court in the context of a bench trial. See *Carter v. State*, 77 Ga. App. 60 (3) (47 SE2d 815) (1948). Moreover, "[a] trial court may modify visitation rights without a showing of changed circumstances, and the trial court's increase or decrease of visitation rights will be affirmed on appeal unless the trial court abused its discretion. See *Gazaway v. Brackett*, 241 Ga. 127, 129 (244 SE2d 238) (1978); OCGA § 19-9-3 (b)." *Thomas v. Whaley*, 208 Ga. App. 362, 365 (3) (430 SE2d 655) (1993).

The record reflects that the trial court rendered its judgment after hearing the testimony of Moore, his present wife, and the children's maternal grandmother. After considering such evidence, the trial court substantially relaxed the temporary order modifying visitation rights that it had issued after hearing Moore's contempt action. While the instant order modifying visitation rights does not alter the requirement for supervised visitation imposed as a result of the contempt hearing, it does permit such visitation at the home of the children's maternal grandmother and under the maternal grandmother's supervision. Formerly, the court had required that all visitation occur at the Department of Family & Children Services (DFCS) under the supervision of DFCS personnel. Further, in response to Moore's request, the trial court tailored the instant order modifying his visitation rights to permit visitation outside said grandmother's home if in her company and at the appellant's expense.

In light of the foregoing, we conclude that the evidence of record adequately supports the trial court's modification of visitation under the facts of this case. Accordingly, the trial court did not abuse its discretion, and its modification was proper.

2. Moore further contends that the trial court abused its discretion by refusing to allow him to present evidence concerning his fitness to exercise unsupervised visitation. We disagree.

While the trial court did not permit Moore to reopen the issue of his fitness for unsupervised visitation, it did so in a hearing where Moore did not seek unsupervised visitation. Nevertheless, the trial court considered all evidence which had been adduced in its hearing on Moore's application for contempt, and, by stipulation, made the transcript of that proceeding a part of the record in the action sub judice. Under these facts, we cannot conclude that the trial court

abused its discretion by limiting the evidence it heard below to that which was relevant and material to matters not relating to the need for continuing supervised visitation. See *Thomas,* supra.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1995.

*Thomas H. Pittman,* for appellant.
*Howard B. Slocumb.* for appellee.